UNITED STATES of America, Appellee,

v.

Harry Norman KING, a/k/a William E. Gray, Appellant.

No. 84–5171.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1985.

Decided July 22, 1985.

E. Blair Brown, Alexandria, Va. (Brown & Stambaugh, Alexandria, Va., on brief), for appellant.

Michael A. Perez, Sp. Asst. U.S. Atty. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Barbara B. Anthony, Asst. U.S. Atty., on brief), for appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Harry Norman King appeals from a conviction for possession of the drug phencyclidine (PCP) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The record shows that two police officers observed King, a man named Jay Schmidt and a woman named Colleen Ann Mahoney, parked on a highway overlook. The officers observed that Mahoney and Schmidt were doing something in the car while King stood outside looking up and down the road as if he were acting as a lookout. Subsequently, the three walked to a nearby tree where they smoked what appeared to be a marijuana cigarette. After they returned to the car, an officer arrested the three for being drunk in public. As the officer reached into the car to retrieve beer containers, he discovered a bag wedged between the driver's seat and the passenger's seat that contained a jar containing a substance packaged as drug wholesalers typically package PCP for sale to retailers. The substance was subsequently determined to be PCP.

On the way to jail King conceded that he had used PCP on the overlook. Mahoney stated that either King or Schmidt had arranged the meeting to "front" her the drugs for resale at the retail level, but Mahoney did not make clear whether she was referring to King or Schmidt.

At trial, over King's objection, the government introduced evidence of King's two prior convictions for dispensing cocaine. In order to protect against undue prejudice, the trial judge required the government to exclude any reference to the convictions from its opening statement, refused to allow a government witness to testify to circumstances surrounding the convictions, and instructed the jury that the evidence of prior convictions could be considered only as it related to King's intent and the absence of mistake in his actions that gave rise to the charge against him. King put on no evidence in his defense.

On appeal, King contends that the trial judge erred in admitting the prior convictions and that insufficient evidence exists to support the conviction for possession with intent to distribute. We affirm the conviction.

I

■ Fed.R.Evid. 404(b) provides that evidence of other crimes of the defendant, although not admissible to prove character for the purpose of proving action in conformity therewith, is admissible for other purposes including proof of intent or absence of mistake or accident. We have held that prior acts evidence may be admissible if it is relevant in the manner prescribed by Rule 404(b), necessary to the government's case, and reliable. *United States v. Hadaway*, 681 F.2d 214, 217 (4th

Cir.1982). In addition, the trial judge must weigh the probative value of the evidence against the risk of undue prejudice to the defendant. *Id.; United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir.1983). The trial judge has wide discretion in balancing possible prejudice. *Id.*

We conclude here that on the record we review King's intent and the possibility that King found himself in the company of Schmidt and Mahoney by accident or mistake were disputed issues in this case. Indeed, King asserts as separate grounds for reversal that the government presented insufficient evidence of intent to distribute and participation in the negotiations with Mahoney. The prior crimes evidence was relevant to resolution of the intent and absence of mistake issues because it tends to show that King knew how drugs are retailed, and hence was probably aware of the significance of the packaging of the PCP for retail distribution and negotiations with a retailer.

Such knowledge makes it more likely that King intended to distribute drugs and was not an innocent friend of Schmidt's caught in the wrong place at the wrong time. Hence, the prior crimes evidence was relevant in the manner prescribed by Rule 404(b), and was necessary to prove disputed issues in the case. King raises no challenge to reliability of the evidence, and the district court took every precaution to limit prejudice to King. We find no error in the admission of the prior crimes evidence.

## II

King also seeks reversal contending that the government presented insufficient evidence of possession and intent to distribute to support the conviction. Reversal is warranted only if, viewing the evidence and inferences therefrom in the light most favorable to the government, the jury could not reasonably find guilt beyond a reasonable doubt. *Burks v. United States*, 437 U.S. 1, 16–17, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1 (1978).

The 21 U.S.C. § 841(a) offense of possession with intent to distribute requires proof of knowing possession of a controlled substance and intent to distribute it. *United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir.1984). The jury rationally could infer that King exercised dominion over the PCP because the record shows that the bag was in plain view between the seats in which he and Schmidt rode and because King admitted that he had used some of the drug on the overlook. *See id.* (joint possession exists when two parties have dominion or control over an object). Further, the jury rationally could infer that King intended to distribute the drugs from the evidence that the drugs were packaged for sale to a retailer and from the quantity of drugs involved. *See id.* The testimony that King appeared to be acting as a lookout and his prior convictions for dispensing cocaine were further evidence of intent.

Hence, we find that substantial evidence supports the conviction, and we affirm.

AFFIRMED.