921 F.2d 272
 31 Fed. R. Evid. Serv. 1260
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto Elias HANDAL-MARTINEZ, Defendant-Appellant.
 No. 89-5227.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-88-48-3)
 George Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, N.C. (argued) for appellant; Charles William McHan, Law Firm of Mark J. Kadish, Atlanta, Ga., on brief.
 Nina Swift Goodman, United States Department of Justice, Washington, D.C., (argued) for appellee; Thomas J. Ashcraft, United States Attorney, Max Cogburn, Assistant United States Attorney, Asheville, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and STAMP, United States District Judge for the Northern District of West Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Appellant Ernesto Elias Handal-Martinez appeals his conviction of two counts of making false statements to a department of the United States in violation of 18 U.S.C. Sec. 1001 and two counts of making false statements to a court in violation of 18 U.S.C. Sec. 1623. Appellant argues (1) that it was error to admit evidence relating to the seizure of cocaine from his brother Luis Handal-Martinez ("Luis"); and (2) that it was error to admit certain statements made by Luis' attorney at a Nebbia[1] hearing as adoptive admissions of appellant. Because no reversible error occurred, the convictions are affirmed.
 
 I.
 
 2
 On February 9, 1987, appellant's brother Jose Handal-Martinez ("Jose") was stopped by a state highway patrolman and $200,000 was found in his car. A forfeiture action was filed against the money and appellant filed a claim to it, alleging that it was proceeds of a loan from his brother Saul Handal-Martinez ("Saul") in El Salvador borrowed to pay for medical treatment and equipment. The government used these statements as the basis for Count I charging false statements to a department of the United States.
 
 
 3
 Appellant reiterated this claim at a deposition and stated that he transported the money to the United States from El Salvador in a black suitcase. The government used these statements as the basis for Counts III and IV charging false statements to a court. Appellant attached a customs form to his deposition in which he stated that he possessed $200,000 in cash upon his entry into the United States. This was the basis for Count V charging false statements to a department of the United States.
 
 
 4
 Prior to the discovery of the money in the car driven by Jose, the authorities found 263 kilograms of cocaine and $14,000 in cash at the home of appellant's brother Luis in Miami. The trial court admitted evidence concerning the drugs and money at appellant's trial. The trial judge also admitted statements made by Luis' lawyer at a Nebbia hearing to the effect that a second $200,000 was a loan from relatives in El Salvador and appellant had brought $40,000 of the loan to the United States on a date after the date the money was found in the car.[2]
 
 II.
 
 5
 Appellant argues that the admission of evidence surrounding the seizure of cocaine from his brother Luis was more prejudicial that probative. See Fed.R.Evid. 403.
 
 
 6
 The standard for reviewing a trial court's determination that the probative value of evidence outweighs its prejudicial effect to the defendant is whether the court abused its discretion. See United States v. King, 768 F.2d 586, 588 (4th Cir.1985). A district court's decision to admit evidence pursuant to Rule 404(b) will not be disturbed "unless it was arbitrary or irrational." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988).
 
 
 7
 Fed.R.Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The money which was found in the car driven by Jose was bound with colored rubber bands similar to those found with the cocaine. The money in the car was also impregnated with cocaine. The district court concluded that there was sufficient connection between the evidence of the seizure of the cocaine and the crimes alleged against appellant to justify its admission.
 
 
 8
 Appellant contends that the evidence of the seizure was so inflammatory that it was unfairly prejudicial to appellant. The evidence was, of course, prejudicial to the appellant, but not unfairly so, and, even if it was unfairly prejudicial, admitting it does not rise to the level of an abuse of discretion.
 
 III.
 
 9
 Appellant argues further that it was error to admit the statements made by Luis' attorney at the Nebbia hearing as adoptive admissions of appellant.
 
 
 10
 The court admitted statements by Luis' attorney to the effect that appellant brought $40,000 of the $200,000 from El Salvador as adoptive admissions of appellant under Fed.R.Evid. 801(d)(2)(B), since appellant was present at the hearing and did not object to the statement as false. The statements were apparently admitted pursuant to Fed.R.Evid. 404(b) to show that appellant had a habit of claiming that he borrowed money from relatives in El Salvador. Before admitting a proffered admission by silence, the court must determine whether the statement was such that under the circumstances an innocent defendant would normally be induced to respond, United States v. Moore, 522 F.2d 1068, 1075 (9th Cir.1975), cert. denied, 423 U.S. 1049 (1976), and whether sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement. United States v. Basic Construction Co., 711 F.2d 570, 573 (4th Cir.), cert. denied, 464 U.S. 956 (1983); United States v. Sears, 663 F.2d 896, 904 (9th Cir.1981), cert. denied, 455 U.S. 1027 (1982).
 
 
 11
 The weak link here is whether such a statement would ordinarily have elicited a response under the circumstances. There is evidence to suggest that appellant was in the back of the courtroom and Luis' attorney indicated that appellant was available to testify. We are not sure whether a person sitting in a courtroom could be expected to stand up and object when he hears a statement by another person's attorney with which he disagrees. In fact, an outburst from the audience would normally be subject to a warning for contempt of court.
 
 
 12
 The government argues that even if the statement should not have been admitted, its admission was harmless error. There was sufficient other evidence to convict appellant of making false statements concerning the origin of the $200,000 which he claimed. An error is harmless "when it is unlikely that the error could have affected the verdict reached by the jury in the particular circumstances of the trial." United States v. Stockton, 788 F.2d 210, 220 n. 16 (4th Cir.) (citation omitted), cert. denied, 479 U.S. 840 (1986). Here, it was arguably error to admit the statement as an adoptive admission, but such error was harmless.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 United States v. Nebbia, 357 F.2d 303 (2d Cir.1966)
 
 
 [2]
 While it is not clear from the briefs filed in this appeal, it was clarified at oral argument that the $200,000 in issue at the Nebbia hearing was not the same $200,000 found in Jose's car and to which appellant filed a claim