921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Audrey GRAVES, Defendant-Appellant.
 No. 89-5434.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-88-358-HM)
 Alan Curtis Drew, Upper Marlboro, Md., for appellant.
 John Vincent Geise, Assistant United States Attorney, Baltimore, Md., (argued) for appellee; Breckinridge L. Willcox, United States Attorney, Lisa M. Griffin, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Appellant Audrey Graves was found guilty of seven counts of possession of dilaudid with intent to distribute and one count of conspiracy to distribute and possess to distribute dilaudid. The conspiracy charged continued from April 1986 to on or about December 1987. Graves was sentenced under the Sentencing Guidelines for the conspiracy and for three substantive counts which occurred after November 1, 1987, the effective date of the Sentencing Guidelines. See The Sentencing Reform Act of 1987, Pub.L. 100-182, Sec. 2(a). Appellant now argues that the ex post factor clause of the Constitution bars the application of the Sentencing Guidelines to the appellant's conspiracy charge, that the trial court erred in admitting other crimes evidence pursuant to Federal Rules of Evidence Rule 404(b), and that the evidence was insufficient to support the conviction. Finding no merit in these arguments, we affirm.
 
 
 2
 Appellant maintains that the ex post facto clause of the Constitution prohibits the application of the Sentencing Guidelines to so-called straddle conspiracies, those that began before the effective date of the Guidelines but continued after the effective date. Appellant also contends that the ex post facto clause bars the district court from considering the weights of drugs distributed by the conspiracy prior to the effective date of the Guidelines in formulating the base offense level. This argument is answered by United States v. Sheffer, 896 F.2d 842 (4th Cir.1990), where the court considered the application of the Guidelines to a drug conspiracy which straddled the effective date. Sheffer held that "the application of the Guidelines to an ongoing conspiracy does not in any way violate the ex post facto clause." Sheffer, 869 F.2d at 845. It also found no constitutional error in the sentencing consideration of the quantity of drugs distributed prior to the effective date of the Guidelines. Id. Therefore, there was no violation of the ex post facto clause in this case.
 
 
 3
 Next, appellant contends that the district court erred in admitting evidence of Graves' prior convictions for distribution of the prescription drugs preludin and quaaludes under Fed.R.Evid. 404(b). We find no error in this routine application of the rule. Appellant Graves admitted knowing several co-conspirators. At issue was Graves' further knowledge about their involvement with forged prescriptions and dilaudid. The prior convictions for distribution of prescription drugs were clearly admissible to show appellant's intent and knowledge. See, e.g., United States v. King, 768 F.2d 586, 588 (4th Cir.1985).
 
 
 4
 Finally, appellant contends that the evidence was insufficient to support her conviction. We have reviewed the evidence and find it ample to support the conviction. The judgment is
 
 
 5
 AFFIRMED.