940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darren Anthony DUMETZ, Defendant-Appellant.
 No. 90-5851.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1991.
Decided July 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-172)
 Edward Blair Brown, Brown & Stambaugh, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, William G. Otis, Senior Litigation Counsel, Alissa Revness, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Darren Anthony Dumetz appeals his conviction of possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B). We hold that evidence of a prior state drug conviction was properly admitted under Fed.R.Evid. 403 and 404(b). Accordingly, we affirm the conviction.
 
 
 2
 Officers at National Airport testified that they observed Dumetz emerge from a plane that earlier had left New York. Dumetz had a bulge in his right front pocket. This, according to the testimony, is a known way of carrying illegal drugs. When Dumetz exited the terminal, Arlington County police officer Henry Allen called to him. Dumetz turned, looked at the officers, and ran. The police chased him, repeatedly identifying themselves as police.
 
 
 3
 Fairfax County police officer Douglas Crooke testified that he saw Dumetz's right hand move towards his right front pocket during the chase. When Dumetz was apprehended in a parking lot, the bulge in his pocket was missing. Officers retraced Dumetz's path and discovered three bags containing cocaine in an area that Dumetz had passed five minutes earlier. Dumetz was arrested.
 
 
 4
 At trial, Dumetz did not testify. Defense counsel attempted to discredit the officers' testimony by stressing that they did not actually see Dumetz throw down the cocaine and that they only speculated that the bulge in Dumetz's pocket contained illegal drugs. The government offered into evidence a certificate of disposition from a New York court stating that Dumetz had been convicted of attempted sale of a controlled substance. That conviction was based on three sales of crack to undercover police officers.
 
 
 5
 On appeal, Dumetz argues that the evidence was improperly admitted under Fed.R.Evid. 403 and 404(b). Having reviewed the record, we conclude that the evidence, which bore on the issue of intent, was relevant, necessary, and reliable and that its probative value outweighed any prejudicial effect it might have had. See United States v. Rawle, 845 F.2d 1244 (4th Cir.1988); United States v. King, 768 F.2d 586 (4th Cir.1985); United States v. Masters, 622 F.2d 83 (4th Cir.1980).
 
 
 6
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 
 7
 AFFIRMED.