946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Michael WEATHERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Michael WEATHERS, Defendant-Appellant.
 Nos. 91-5541, 91-5542.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 3, 1991.
Decided Oct. 9, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-88-42-N; CR-90-146-N)
 Sterling Harrisbe Weaver, Sr., Portsmouth, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Mark A. Exley, Assistant United States Attorney, Carl J. Stevens, Third Year Law Student, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Michael Weathers appeals his convictions for being a felon in possession of a firearm and being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). He also appeals from the district court's later order revoking his supervised release status imposed for a prior conviction, which order followed his convictions on the present offenses. We affirm.
 
 
 2
 Acting on a tip concerning alleged narcotics trafficking, agents of the Bureau of Alcohol, Tobacco and Firearms obtained a search warrant for 1463 Green Street in Portsmouth, Virginia. This property was registered to Theresa Brown. When the warrant was executed Brown was not home, but the agents discovered Weathers and a small child in an upstairs bedroom. A search of the bedroom disclosed a 9mm semiautomatic pistol and ammunition on a dresser. In the closet, officers found a bag containing various items of men's clothing, a partially completed United States Probation monthly supervision report containing the name of Weather's probation officer, and thirty rounds of 9mm ammunition. In a box in the closet the agents found $850 in currency and a plastic bag containing glassine envelopes. Other articles of men's clothing were also found in the room. Brown returned to the home while the search was underway and denied any knowledge of the money or the glassine envelopes. Weathers was arrested, and as he was being removed from the premises twice stated to Brown, "[t]hey can't arrest me if you tell them it's your gun."
 
 
 3
 Weathers was subsequently indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. At the time of the indictment Weathers was serving a term of supervised release imposed following a prior conviction under section 922(g)(1). Trial was to a jury and Weathers was convicted on both counts; he was sentenced under the United States Sentencing Guidelines to concurrent terms of thirty months. Following his convictions, the court revoked the supervised release on the prior conviction. Weathers filed timely notices of appeal both from the convictions and from the revocation of supervised release. We consolidated these cases for appellate review.
 
 
 4
 In his appeal from his new convictions Weathers raises three issues: (1) whether evidence of the glassine envelopes was improperly admitted under Fed.R.Evid. 403; (2) whether a statement made by the prosecutor during closing argument constituted improper comment upon Weather's failure to take the stand; and (3) whether there was sufficient evidence of knowing possession to support the convictions. We address these claims in turn.
 
 
 5
 Weathers argues that the glassine bags were irrelevant to the charges against him and, because of their association with the drug trade, their prejudicial value substantially outweighed any probative value they might have had. The government argues that the bags were properly admitted to support the inference that Weathers knowingly possessed the weapon and ammunition. A trial judge has wide discretion in making the balancing test required by Rule 403. United States v. King, 768 F.2d 586, 588 (4th Cir.1985). This Court will defer to the district judge's decision unless it is an arbitrary or irrational exercise of discretion. Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987).
 
 
 6
 We find that while this evidence may have had some prejudicial impact, and the probative weight of the evidence may not have been strong, the decision of the district court to allow it into evidence was neither arbitrary nor irrational.
 
 
 7
 Weathers's claim of prosecutorial misconduct lacks merit as well. In determining whether a prosecutor's remarks are improper this Court applies a two part test: (1) the prosecutor's remarks must in fact have been improper, and (2) such remarks must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial. United States v. Chorman, 910 F.2d 102, 113 (4th Cir.1990).
 
 
 8
 The prosecutor stated in his closing argument:
 
 
 9
 The fact that a three-time convicted felon did not openly go out and, in the [sic] public, purchase and possess a firearm should not surprise you. The fact that the firearm and the ammunition was [sic] concealed should not surprise you. I find it astonishing that that firearm and ammunition would be in a house like that with children, but that's I guess, a somewhat different issue. But the fact that the defendant has not put the evidence on a silver platter is not important.
 
 
 10
 (Emphasis added). At this point defense counsel objected and the court overruled the objection. Weathers argues that the highlighted portion of the statement made by the prosecutor constituted an improper comment upon his failure to testify.
 
 
 11
 Weathers is clearly incorrect. The prosecutor's statement related to his earlier comment that a previously convicted felon would be surreptitious in his possession of a weapon; it meant simply that in his life at home Weathers did not go about leaving obvious signs of his ownership of the weapon. It was not a comment on Weathers's failure to testify.
 
 
 12
 Weathers's final claim is that the trial court erred in denying his motion for judgment of acquittal. The test for deciding a motion for acquittal is whether, giving the government the benefit of all reasonable inferences, there is sufficient evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982).
 
 
 13
 Constructive possession of a weapon is sufficient to support a conviction under section 922(g)(1).* United States v. Garrett, 903 F.2d 1105, 1110-11 (7th Cir.), cert. denied, 59 U.S.L.W. 3276 (U.S.1990); United States v. Poore, 594 F.2d 39, 43 (4th Cir.1979) (interpreting 18 U.S.C. app. § 1202(a)(1), the predecessor to section 922(g)(1)). A person has constructive possession of an item when he exercises, or has the power to exercise, dominion and control over the item. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 14
 We believe that Weathers's physical proximity to the weapon and ammunition, when coupled with the presence in the room of numerous other items which the jury could reasonably have found belonged to him, and in light of his statements to Brown upon being taken away by police, was sufficient to sustain his convictions.
 
 
 15
 Accordingly, Weathers's convictions in No. 91-5542 are affirmed.
 
 
 16
 In No. 91-5541 Weathers challenges the district court's revocation of supervised release imposed pursuant to an earlier conviction under section 922(g)(1). The district court revoked the supervised release status following the convictions which form the basis of the appeal in No. 91-5542. Weathers's sole contention on appeal in this case is that because the convictions in No. 91-5542 are improper the revocation of supervised release must be overturned. Our decision in No. 91-5542 disposes of this argument and we accordingly affirm the decision in No. 91-5541.
 
 
 17
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 91-5541--AFFIRMED
 No. 91-5542--AFFIRMED
 
 
 *
 Weathers stipulated to his prior felony convictions and did not contest the issue of movement in interstate commerce