961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James SCALCO, Defendant-Appellant.
 No. 91-5818.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 27, 1992
Decided: May 1, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-470-HM)
 David E. George, Silver Spring, Maryland, for Appellant.
 Robert D. Bennett, United States Attorney, Andrew C. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert James Scalco was convicted, after a jury trial, of possession of phencyclidine (PCP), a schedule II controlled substance. On appeal, he alleges that there was insufficient evidence to sustain his conviction, and that the district court erred in admitting testimony regarding his prior drug involvement. Finding no error, we affirm.
 
 A.Relevant Facts
 
 2
 Scalco was one of four people in a car which was pulled over by an officer of the United States Park Police on the BaltimoreWashington Parkway. Several other police officers arrived on the scene to provide backup. One of the officers, Officer Womack, observed Scalco holding a green object with white writing on it between his legs; he later saw Scalco make motions as if he were kicking something under the seat in front of him. Another officer, Officer Onolfi, searched the car after the passengers got out; he found a jar of parsley laced with PCP under the seat in front of Scalco's seat. Onolfi testified that the substance in the jar smelled like PCP, and a laboratory exam revealed that the parsley in the jar was indeed laced with PCP.
 
 
 3
 At trial, Officers Womack and Onolfi, as well as several other police officers, testified for the prosecution. Officer Verderaime of the Howard County, Maryland, Police Department testified over Scalco's objection that Scalco had past convictions for manufacturing a controlled substance[1] and possession of marijuana, and that Scalco had worked as an informant in two PCP-manufacturing investigations.[2] Scalco and William Aisquith, one of the other passengers in the car, testified for the defense. However, Scalco was convicted.
 
 B.Sufficiency of Evidence
 
 4
 In reviewing a jury verdict of guilty, the Court must view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Determination of the credibility of the witnesses is within the sole province of the jury. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975). Possession of a controlled substance may be inferred from the totality of the circumstances. United States v. Bell, F.2d, No. 90-5727(L) (4th Cir. Jan. 21, 1992). The jury could fairly have concluded from the testimony of Officers Womack and Onolfi that Scalco had the jar of PCP-laced parsley between his legs and that he kicked it under the seat in front of him to hide it from the police. Although the testimony of Scalco and Aisquith contradicted that of the police officers, the jury's determination of which testimony to credit is not reviewable. Therefore, Scalco's assertion that the evidence was not sufficient to sustain his conviction is meritless.
 
 
 5
 C.Admission of Testimony Regarding Scalco's Past Drug Involvement
 
 
 6
 Scalco contends that the district court erred, under Fed. R. Evid. 404(b), in admitting Officer Verderaime's testimony regarding Scalco's prior convictions for manufacturing a controlled substance and possessing marijuana, and his history of acting as a police informant in PCP-related investigations.
 
 
 7
 1.Admissibility as proof of intent or absence of mistake
 
 
 8
 Rule 404(b) provides that evidence of prior bad acts is not admissible to show propensity, but that it is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This Court has held that prior bad acts are admissible if the evidence is relevant under the standards set by rule 404(b), necessary to the government's case, and reliable. United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). The district court's ruling will only be disturbed upon a finding of abuse of discretion. United States v. Ramey, 791 F.2d 317, 323 (4th Cir. 1986).
 
 
 9
 Scalco contends that the evidence of his prior crimes and drug involvement did not fall into any of the rule 404(b) categories. However, in this case, as in United States v. King, 768 F.2d 586 (4th Cir. 1985), Scalco's prior drug involvement tended to show intent and lack of mistake. Someone unfamiliar with PCP might not have understood the significance of a jar of parsley which bore the odor of ether, whereas Scalco would surely realize that the parsley was laced with PCP due to his prior involvement with that drug. Further, Scalco's previous drug convictions and his involvement with PCP tend to show that he was not merely an innocent acquaintance of the others in the car, but rather that he knowingly possessed the PCP.[3] Under the reasoning of King, then, the evidence of Scalco's drug convictions and prior involvement with PCP was admissible to show intent and lack of mistake.
 
 2.Remoteness in time
 
 10
 Scalco also contends that his prior drug involvement was too remote in time to be probative in this case, though he cites no cases in support of this proposition. Scalco's drug manufacturing conviction occurred seven years prior to the offense and eight years prior to the trial. The marijuana conviction occurred two years prior to this offense and three years prior to the trial. Scalco began as an informant seven years prior to the offense; there was no testimony as to how long he acted as an informant. This Court has held that evidence of involvement with drugs eight years prior to a trial for another drug conspiracy could be admitted to show intent. United States v. Rawle, 845 F.2d 1244, 1246-48 (4th Cir. 1988). Therefore, Scalco's prior drug involvement was not too remote in time to be probative in this case.
 
 3.Probative value versus prejudicial effect
 
 11
 Finally, Scalco contends that the prejudicial effect of Verderaime's testimony outweighed its probative value, and thus should have been excluded under Fed. R. Evid. 403. Scalco first contends that he was charged with distribution of DMT and not PCP, so that admission of his prior drug manufacturing conviction was unduly prejudicial. However, this Court did not distinguish between different types of drugs in King; King's prior convictions were for distribution of cocaine, and those convictions were introduced in a trial for possession of PCP with intent to distribute. The Court simply noted that King's prior convictions for drug distribution were relevant to show that he knew that these (different) drugs were also packaged for distribution. 768 F.2d at 588. The distinction between different types of drugs, then, does not itself render the admission of the previous convictions unduly prejudicial.
 
 
 12
 Scalco also asserts in a more general fashion that Verderaime's testimony was unduly prejudicial. The district court's decision that evidence submitted under rule 404(b) is more probative than prejudicial is within its discretion; the court's order will not be disturbed unless it is arbitrary or capricious. United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986). The district court in this case held that Scalco's prior convictions were probative of his knowledge and intent, and that the prejudicial effect did not outweigh the probative value. Scalco does not point out any specific sort of undue prejudice arising from admission of Verderaime's testimony. Further, the testimony, though certainly prejudicial, was no more prejudicial than that admitted in King, Hadaway, or Rawle. We hold that the district court did not abuse its discretion when it found that the rule 404(b) evidence was admissible under rule 403.
 
 
 13
 We affirm Scalco's conviction. We grant Appellant's unopposed motion to submit the case on the briefs without argument because the facts and legal contentions are adequately supported by the materials before the Court and argument would not significantly aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Verderaime testified that Scalco was convicted of manufacturing DMT. Scalco testified that the conviction was for manufacturing PCP. In his brief Scalco states that his conviction was for manufacturing DMT
 
 
 [2]
 The district court instructed the jury that Verderaime's testimony was only to be considered for the purpose of knowledge and intent and not for establishing Scalco's propensity to commit drug crimes
 
 
 [3]
 Scalco attempts to show a distinction between King and this case by arguing that the inference drawn by the court in King from the prior convictions related to knowledge of PCP distribution techniques, whereas in this case the inference drawn from the previous drug involvement related to identification of the drug. However, there is no meaningful distinction between this case and King. Previous drug involvement can show intent or a lack of mistake as to the identification of the substance tainted with drugs just as it can show knowledge that a certain type of packaging is designed for resale of the drugs