23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATE of America, Plaintiff-Appellee,
v.
William Jeffrey SPARKS, Defendant-Appellant.
 No. 93-5577.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 14, 1994.
Decided: May 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-92-41)
 James R. Parish, Parish, Cooke & Russ, Fayetteville, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, Tracy D. Knox, Special Assistant United States Attorney, Fort Bragg, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Jeffrey Sparks was convicted, after retrial by a jury, for distributing cocaine base in Fayetteville, North Carolina, in violation of 21 U.S.C. Sec. 841(a)(1) (1988). He is serving a thirty-eight-month sentence. Evidence used to convict Sparks consisted of the testimony of an informant, who purchased the cocaine base from Sparks, and of Investigator Milawski, who, acting undercover, was seated next to the informant during the entire transaction. Both the informant and Milawski identified Sparks at trial. Police Sergeant Hart also testified to Sparks's possession and distribution of cocaine base on four unrelated occasions, prior and subsequent to the offense of conviction, in the same area of Fayetteville. Sparks now appeals, challenging the district court's decision to admit Hart's testimony under Fed.R.Evid. 403 and 404(b). Finding no abuse of discretion, we affirm.
 
 
 2
 Rule 404(b) provides that evidence of other crimes may be admitted if relevant to "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This Court has developed a three-part test to implement Rule 404(b) which allows admission if the evidence of other crimes is" (1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). If the evidence meets these criteria, its probative value must nonetheless be weighed against its prejudicial effect, pursuant to Rule 403. Id.
 
 
 3
 In this case, the district court viewed evidence of Sparks's involvement with similar instances of drug dealing prior and subsequent to the offense of conviction as relevant to the issue of intent.* The district court's reasoning is consistent with prior decisions of this Court. E.g., United States v. Ramey, 791 F.2d 317, 323 (4th Cir.1986) (evidence of other instances of defendant's handling of marijuana deemed admissible as relevant to intent and the existence of a plan, scheme, or design, where identical to charged offense and close in time); United States v. King, 768 F.2d 586, 588 (4th Cir.1985) (evidence of defendant's two prior convictions for distributing cocaine deemed "relevant to resolution of the intent and absence of mistake issues" in his subsequent trial for possession with intent to distribute phencyclidine). We therefore have no difficulty finding that the district court's decision to admit Hart's testimony met the first prong of the Rawle test. Hart's testimony appears to have been reliable as well (Sparks does not argue otherwise), thus meeting the third prong of Rawle. See United States v. Hernandez, 975 F.2d 1035, 1040-41 (4th Cir.1992).
 
 
 4
 Necessity, the second prong of Rawle, is the closest issue on these facts. Evidence is necessary, in the sense that its admission may be required to avoid a judgment of acquittal, where it tends to prove an essential part or element of the crimes on trial. See Rawle, 845 F.2d at 1247 n. 4 (citation omitted). Evidence may also be "necessary," at least to facilitate the fact-finder's understanding of the case, where it explains the context of the crime. Id.
 
 
 5
 Once we have determined that the particular evidence at issue addresses an essential part of the crimes on trial or explains their context, the Rawle necessity requirement has been met. Because Sparks's intent to distribute cocaine base is an essential element of the crime, and because evidence of Sparks's other crimes was relevant in this case to prove his intent, that evidence is therefore "necessary." The argument that such evidence is unduly cumulative must be made within the confines of Fed.R.Evid. 403. If the trial court did not abuse its discretion in admitting the evidence, its decision will be affirmed.
 
 
 6
 Rule 403 provides that evidence that is otherwise admissible may nonetheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Evidence is not prejudicial within the meaning of Rule 403 merely because it is incriminating. United States v. Haney, 914 F.2d 602, 607 (4th Cir.1990). Unfair prejudice is present only where the evidence has the potential to "excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." United States v. Simpson, 910 F.2d 154, 158 (4th Cir.1990) (quoting Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1134 (4th Cir.1988)). The prejudicial effect of the evidence in this case does not rise to such a stan dard. Though its probative value may have been somewhat attenuated by the other evidence of Sparks's guilt, we cannot say that the district court abused its discretion in deciding that the danger of unfair prejudice did not substantially outweigh whatever probative value remained. Furthermore, the court gave a limiting instruction which was sufficient to cure any prejudice that may have existed. See United States v. Masters, 622 F.2d 83, 87 (4th Cir.1980).
 
 
 7
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Intent was at issue here, inasmuch as the government was required to prove both intent and knowledge to convict Sparks for distribution under Sec. 841(a)(1). United States v. Luster, 896 F.2d 1122, 1126 (8th Cir.1990)