**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MARION CLARENCE COOPER, a/k/a

No. 96-4940

Fatty Watty, a/k/a Gary Tyrone
Capers, a/k/a Henry Colbert, a/k/a
Craig Williams, a/k/a James
Williams,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-163)

Submitted: September 2, 1997

Decided: September 26, 1997

Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Mat-
thew R. Hubbell, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marion Clarence Cooper appeals from his criminal conviction for possession of cocaine base with the intent to distribute. We affirm.

Cooper's conviction arose from events following a lawful traffic stop for speeding along Northbound Interstate 95 in South Carolina. According to the testimony of Officer Schoonover, the officer who stopped Cooper, Cooper gave a false name in response to questioning and stated that his license had been suspended. After verifying this suspension, Schoonover conducted a pat down search of Cooper, handcuffed him, and placed him under arrest for driving with a suspended license. At this point another officer, Laird, arrived to see if Schoonover needed assistance. Schoonover and Laird then began an inventory search of Cooper's car in accordance with police procedures.

Shortly into the search of the vehicle, which smelled strongly of incense, Laird found a blunt--a cigar containing marijuana--on the passenger side of the front seat between the console and the seat. An open cigar box on the seat also revealed a razor blade which caused Laird to suspect the presence of crack cocaine. Further searching revealed a small glassine bag full of crack cocaine beside the seat on the floor. A fast food bag also contained a quantity of marijuana. At this point, the officers believed that they had probable cause to extend the scope of their search.

Upon inspecting the back seat of the vehicle, Laird noticed that the passenger back side panel of the car's interior did not lay flush to the car but appeared as if it had been pried back. Laird had found drugs hidden in such compartments on prior occasions and suspected that drugs might be hidden in this compartment as well. He therefore pried the panel back with a screwdriver and found a large quantity of crack cocaine masked with coffee grounds.

2

Cooper moved to suppress this evidence, arguing that the search of the side panel exceeded the scope of a valid inventory search or a search incident to lawful arrest. The district court denied this motion, and we find no error in its decision. Although the search started as an inventory search, the officers' observation of drugs in plain sight gave them the probable cause necessary to conduct a thorough search of the car under the "automobile exception." See Carroll v. United States, 267 U.S. 132 (1925); see also United States v. Bullock, 94 F.3d 896, 899 (4th Cir. 1996) (holding that there was no need to determine if search of secret compartment in automobile exceeded scope of consent to search where probable cause supported a search under the "automobile exception"), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3560 (U.S. Feb. 18, 1997) (No. 96-1120).

Cooper also moved to exclude evidence of two prior drug convictions which the Government sought to introduce under Fed. R. Evid. 404(b). The district court denied Cooper's motion and a police officer testified regarding these two prior incidents. As to one of these convictions, the officer simply testified that Cooper had pled guilty to selling cocaine. As to the other, the officer testified that while conducting a drug investigation four years earlier, officers pulled over a car in which Cooper was a passenger. Another passenger was found to be in possession of marked money which had been used by the officers to make a controlled buy of cocaine earlier in the day. The driver of the car had cocaine in his pocket and Cooper had $1269 dollars in cash in his coat. A search of the car revealed twenty-three bags of crack cocaine hidden in the heater vents and a single piece of crack cocaine where Cooper had been sitting. As a result of this stop Cooper was charged with and pled guilty to possession of cocaine with the intent to distribute.

Cooper now contends that the admission of these prior convictions was improper. We disagree. Rule 404(b) provides that evidence of other crimes is not admissible to prove the character of a defendant in order to show that he acted in conformity therewith. However, prior bad acts may be admissible, subject to Rule 403's balancing concerns, if they are: (1) relevant to an issue other than character, (2) necessary, and (3) reliable. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Addressing each of these factors, we first find that the evidence was relevant to issues other than character--

specifically, intent, knowledge, and absence of mistake. Cooper's defense at trial was that he was unaware that crack cocaine was hidden in the side panel of the car he was driving and that the owner of the car was using him as a drug courier without his knowledge.* The prior incidents of drug transactions, especially the conviction which involved the hiding of drugs in an internal compartment of a car, made it more likely than not that Cooper was not the innocent victim of mistake, but rather that he was aware of the contents of the side panel. See United States v. King, 768 F.2d 586, 588 (4th Cir. 1985) (upholding admission of 404(b) evidence to prove that defendant intended to distribute drugs and was not simply"an innocent friend of [his co-defendant's] caught in the wrong place at the wrong time").

We find United States v. Hernandez, 975 F.2d 1035 (4th Cir. 1992), upon which Cooper relies to attack the relevance of this evidence, distinguishable. In Hernandez, this court reversed the district court's admission of 404(b) evidence that Hernandez once shared with a witness a recipe for crack cocaine alleged to increase its quantity. We held that this evidence was not relevant where Hernandez was claiming that she had not sold the crack cocaine which formed the basis of the charge against her. Simply put, Hernandez's prior knowledge of crack cocaine was not relevant to whether she actually committed the act of selling it at the time in question other than to suggest action conforming to her character, which is specifically forbidden by Rule 404(b). In Cooper's case, however, a prior conviction for possession of crack with intent to distribute which involved the hiding of crack cocaine within the internal structure of an automobile is relevant to intent, knowledge, and absence of mistake in the charges at issue.

The determination of relevancy, however, does not end the inquiry for admissibility under Rule 404(b). Instead, the evidence sought to be admitted must also be necessary and reliable. Cooper's brief does not challenge the district court's findings regarding these requirements, and our review reveals no error in these determinations. See United States v. DiZenzo, 500 F.2d 263, 266 (4th Cir. 1974) (discussing necessity). Finally, we find that the district court did not abuse its

_____

*Cooper also denied knowledge of the drugs during the search and suggested that the police officers must have planted the crack in the car.

4

discretion in determining that the probative value of the prior convictions was not substantially outweighed by the danger of unfair prejudice under Rule 403, and note that the district court gave the jury two thorough limiting instructions. Accordingly, finding no error in the admission of these prior convictions, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5