**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4905

MICHAEL ANTHONY SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-98-252)

Submitted: June 30, 2000

Decided: August 7, 2000

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Shapiro, LAW OFFICES OF JONATHAN SHAPIRO, P.C.,
Alexandria, Virginia, for Appellant. Lynne A. Battaglia, United States
Attorney, Rod J. Rosenstein, Assistant United States Attorney, Jan
Paul Miller, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael A. Smith was convicted by a jury of possession with intent to distribute cocaine base, 21 U.S.C.A. § 841(a)(1)(West 1999), possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000), and using and carrying of a firearm in connection with a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000). He received two concurrent 160-month sentences and a consecutive 60-month sentence, respectively.

On appeal, Smith first maintains that the district court improperly admitted certain "bad acts" evidence under Fed. R. Evid. 404(b). Specifically, Smith challenges the court's admission into evidence of a prior conviction for possession of cocaine with intent to distribute, and a co-conspirator's testimony that Smith sold him cocaine a month prior to the subject incident and that Smith asked him to lie when they were in jail together. The appellant's argument that co-conspirator testimony about appellant's jail-house statement must be excluded is wholly without merit. Moreover, the district court sustained the defense objection to the testimony and gave a curative instruction to the jury. Further, we find that the district court did not abuse its discretion in admitting co-conspirator testimony regarding a prior drug purchase to show context and modus operandi, and that evidence of a prior conviction satisfied the test for admissibility under Rule 404(b). See United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997), cert. denied, 523 U.S. 1101 (1998). Additionally, we find that the police's questioning of Smith regarding his employment status was a part of routine booking questions and therefore did not violate Smith's Fifth Amendment rights. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980); United States v. Taylor, 799 F.2d 126, 128 (4th Cir. 1986).

We further find, based on the totality of the circumstances, that Smith's Fourth Amendment rights were not violated given that the

2

police's stop of Smith was supported by articulable suspicion that Smith was engaged in criminal activity. See Terry v. Ohio, 392 U.S. 1, 21 (1968). We also reject Smith's challenge to the jury instructions regarding knowing possession of a firearm. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (jury instructions must be reviewed in their entirety and as part of the whole trial). Last, we find no abuse of discretion in the court's admission of expert testimony regarding drug dealing. See United States v. King, 768 F.2d 586, 588 (4th Cir. 1985) (trial judge has wide discretion in balancing the probative value of evidence against the danger of unfair prejudice under Fed. R. Evid. 403).

Accordingly, we affirm Smith's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3