# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARCEL RANSOM,
  *Defendant-Appellant.*

No. 00-4483

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CR-99-250-DKC)

Submitted: February 6, 2001

Decided: March 26, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, RAVENELL & GILDEN, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, James M. Trusty, Assistant United States Attorney, Deborah Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Marcel Ransom appeals his conviction for conspiracy to distribute and possess with intent to distribute marijuana, possession with intent to distribute marijuana, and felon in possession of a firearm. The district court sentenced Ransom to concurrent sentences totaling 240 months. Finding no error, we affirm.

As his first assignment of error, Ransom contends that the district court abused its discretion in admitting, under Fed. R. Evid. 404(b), the stipulation of his 1990 conviction for possession with intent to distribute cocaine. Ransom argues that such evidence was not relevant or probative of his intent in the present case. He further argues that any probative value of the evidence of his prior conviction is substantially outweighed by unfair prejudice. Because Ransom raises the issue of the district court's admission of the stipulation of his 1990 conviction for the first time on appeal, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-37 (1993); *United States v. Reedy*, 990 F.2d 167, 168 n.2 (4th Cir. 1993).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988).

In the present case, the Government offered evidence of Ransom's prior conviction to prove a conspiracy, Ransom's knowledge of the presence of the marijuana found in his home, his intent to distribute

the drugs, and the absence of mistake. We find that the identical-state-of-mind component of the charges increases the relevance of the prior conviction, as in *Queen*, 132 F.3d at 997. Furthermore, as in *United States v. King*, 768 F.2d 586, 588 (4th Cir. 1985), the evidence made it "more likely that [the defendant] intended to distribute drugs and was not an innocent friend of [a co-conspirator,] caught in the wrong place at the wrong time." *Id.* Moreover, by pleading not guilty, Ransom placed his state of mind in issue, making his prior similar act both relevant and necessary to the Government's effort to prove a conspiracy and Ransom's possession and intent to possess and distribute drugs. *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991).

No evidence exists in this case that the stipulation caused any jury confusion or prejudice. Additionally, the court immediately cautioned the jury against any misapplication of the evidence, instructing them to consider the evidence of the prior conviction only as it related to intent. Applying the criteria set forth in *Queen*, we conclude that the district court did not err in admitting the stipulation of Ransom's 1990 conviction for possession of cocaine with intent to distribute.

Ransom next contends that the district court erred in ruling that the Government could cross-examine him regarding an inculpatory statement, the existence of which the Government unintentionally did not disclose to him until after the trial began. The district court has broad discretion in determining the proper remedy for a discovery violation. Fed. R. Crim. Proc. 16; *United States v. Ford*, 986 F.2d 57, 59 (4th Cir. 1993). We find that, as in *Ford*, the district court did not abuse its discretion in ruling that it would allow the Government to use the inculpatory statement during cross-examination had Ransom chosen to testify.

We affirm Ransom's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*