**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4654**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY DANIEL SMITH, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (7:07-cr-00101-BR-1)

Submitted:  June 3, 2010        Decided:  June 18, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lee Ann Anderson McCall, Maggie L. Lassack, Jay Schwarz, Laura D'Allaird, Morgan Daniel Ditch, Washington, D.C., for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Daniel Smith, Jr., appeals his convictions for conspiring to distribute marijuana, possessing a firearm in furtherance of a drug trafficking crime, and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) and 21 U.S.C. § 846 (2006). On appeal, Smith argues the district court plainly erred by admitting evidence of his co-defendant's out-of-court statement without a limiting instruction, the district court abused its discretion by admitting evidence of Smith's prior cocaine convictions, and the Government did not present sufficient evidence to support his convictions. For the reasons that follow, we affirm.

This court typically reviews evidentiary rulings for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). However, because Smith did not object in the district court to the hearsay testimony, we review the admission of evidence for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). To show plain error, the appellant must demonstrate "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

Hearsay is generally not admissible in evidence. Fed. R. Evid. 802. An exception is a statement against penal interest "which was at the time of its making so far contrary to

2

the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3). A statement is admissible under this exception if: (1) the speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) "corroborating circumstances clearly indicate the trustworthiness of the statement." United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995) (internal quotation marks omitted).

We note that all three requirements are met. Clearly, the statement was against the declarant's penal interests. See Williamson v. United States, 512 U.S. 594, 603 (1994). We also note there was sufficient corroboration indicating the truthfulness of the statement. Bumpass, 60 F.3d at 1102.

Smith also argues that the admission of Waldron's statement violated his Sixth Amendment right to confront a witness. The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). For such

3

evidence to be excludable under the confrontation clause, it must be "testimonial," United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008), and offered for the truth of the matter asserted, Crawford, 541 U.S. at 59-60 n.9 (the Confrontation Clause does not bar the use of "testimonial statements for purposes other than establishing the truth of the matter asserted"). We find the offered statement was clearly non-testimonial. See United States v. Smalls, __ F.3d __, 2010 WL 1745123, *8-10 (10th Cir. May 3, 2010) (statement made by co-conspirator to fellow inmate implicating defendant was nontestimonial); United States v. Spotted Elk, 548 F.3d 641, 662 (2d Cir. 2008) (holding that a co-defendant's in-jail statements made to a co-conspirator were not testimonial, and thus did not violate the defendant's Sixth Amendment rights).

Smith contends that his prior cocaine convictions were irrelevant to proper Rule 404(b) purposes. He reasons that his defense was that he did not possess the drugs or guns at all, not that he did not have the intent to distribute, and thus the issue of his intent to distribute was not at issue. Smith further argues that his prior convictions were not sufficiently similar to the present charges to have probative value, and that any probative value was outweighed by the unfair prejudice.

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of other wrongs or acts solely to

prove a defendant's bad character.  Although not admissible to prove the defendant's character, evidence of other wrongs may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition.  United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).  For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, under Fed. R. Evid. 403, the probative value of the evidence must not be substantially outweighed by its prejudicial effect.  Id.

To prove a conspiracy to possess a drug with the intent to distribute, the Government must establish that an agreement to possess drugs with intent to distribute existed between two or more persons, that defendant knew of the conspiracy, and that defendant knowingly and voluntarily participated in the conspiracy.  United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996).  The Government offered the evidence of Smith's past convictions related to cocaine distribution to show knowledge, lack of mistake, and

5

opportunity. Thus, the evidence was relevant to an issue other than Smith's general character. As in United States v. King, 768 F.2d 586, 588 (4th Cir. 1985), the evidence made it "more likely that [the defendant] intended to distribute drugs and was not an innocent friend of [a co-conspirator,] caught in the wrong place at the wrong time." Moreover, by pleading not guilty, Smith placed his state of mind at issue, making his prior similar acts both relevant and necessary to the Government's effort to prove a conspiracy. United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991); see also United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997) (not guilty plea puts one's intent at issue); United States v. Matthews, 431 F.3d 1296 (11th Cir. 2005) (in every conspiracy case, a not guilty plea puts the defendant's intent at issue unless the defendant affirmatively removes intent as an issue). For these reasons, the district court did not abuse its discretion by admitting the evidence of Smith's prior cocaine-related convictions.

Smith argues that the Government failed to present evidence sufficient to prove beyond a reasonable doubt that Smith or Waldron had dominion and control over the trailer. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge

by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution.  Foster, 507 F.3d at 244-45.  The court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government.  Id. at 245.

Again, to meet its burden of proof on the conspiracy charge, the Government had to establish that an agreement to possess drugs with intent to distribute existed between two or more persons, that Smith knew of the conspiracy, and that Smith knowingly and voluntarily participated in the conspiracy.  See Burgos, 94 F.3d at 857.  To establish the 18 U.S.C. § 924(c)(1) violation, the Government had to present evidence "indicating that the possession of [the] firearm furthered, advanced, or helped forward a drug trafficking crime."  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

Smith contends he did not possess either the marijuana or the firearms.  Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). When the Government seeks to establish constructive possession,

7

it must prove that the defendant intentionally exercised dominion and control or "had the power and the intention to exercise dominion and control" over the item in question. United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005). Here, viewing the evidence in the light most favorable to the Government, the combined evidence was sufficient for the jury to reach the conclusion that Smith entered into an agreement to possess and sell marijuana, and further, Smith possessed the guns found in the trailer for use in furtherance of a drug trafficking crime. See Lomax, 293 F.3d at 705.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8