**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos SANDERS, Defendant–Appellant.**

No. 90–5073.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1991.

Decided April 29, 1992 *.

---

* This majority opinion and dissent replaces the Court's opinion issued December 6, 1991.

J. Casey Forrester, Economou and Forrester, Alexandria, Va., argued, for defendant-appellant.

Stuart A. Berman, Sp. Asst. U.S. Atty., Alexandria, Va., argued (Henry E. Hudson, U.S. Atty. and Debra Sue Straus, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before PHILLIPS and NIEMEYER, Circuit Judges, and BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

Carlos Sanders appeals his convictions for assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(c), and for possession of contraband (a shank used in the assault) in violation of Virginia Code § 53.1–203(4), as assimilated by 18 U.S.C. § 13. Because we believe that the district court erred by admitting evidence of Sanders' prior convictions for assault and possession of a contraband shank and that the error was prejudicial as to his assault conviction, we reverse that conviction and remand for a new trial. But we find the error harmless as to his contraband possession conviction, and affirm it.

### I

On March 6, 1990, Sanders and Ricky Alston, both inmates at Lorton Reformatory, were indicted for assault with intent to commit murder and possession of a knife or shank. The indictment charged Sanders and Alston with assaulting fellow inmate Bobby Jenkins with a shank on April 7, 1989.

Before trial, Sanders filed a motion *in limine* to exclude evidence of his prior convictions. Although the district court granted this motion in part by prohibiting the government from questioning Sanders about a stabbing for which he was acquitted and an armed robbery for which his conviction was reversed, the court declined to preclude the government from cross-examining Sanders about his prior assault and contraband possession convictions. The court ruled that the assault and contraband convictions were admissible under Federal Rules of Evidence 609(a) and 404(b).

After hearing the evidence, the jury acquitted Alston on the assault count and convicted Sanders of possession of a shank.[1] The jury was unable to reach a verdict on the assault count against Sanders, however. The district court according-

---

1. Alston had pled guilty to possession of a con-    traband shank prior to trial.

ly declared a mistrial as to that count and set it for re-trial.

Before his second trial, Sanders renewed his motion *in limine* to exclude his previous convictions for assault and possession of contraband. The district court denied the renewed motion. At trial, Sanders testified that he had acted in self-defense, claiming that Jenkins had attacked him first. The government cross-examined Sanders about his prior convictions as follows:

Q: You testified on direct that you are a convicted felon.

A: Yes, sir.

Q: And in fact you were convicted in 1988 for committing an assault in Lorton, weren't you?

A: Yes, sir.

Q: And you were also convicted of prisoner in possession of contraband at that time?

A: Yes, sir.

Q: You were convicted because you stabbed an inmate named Silas Horn (phonetic)-

J.A. at 249. At this point, Sanders' counsel objected to any further questioning about the nature of the prior convictions and the district court sustained the objection. Trial was concluded in a half a day; the jury deliberated the rest of that day and into the next before returning a verdict of the lesser included offense of assault with a dangerous weapon with intent to do bodily harm. This appeal followed. Sanders challenges both his conviction of contraband possession on the first trial and of assault on the second.

## II

Sanders argues that the district court abused its discretion by admitting evidence of his prior convictions under Federal Rules of Evidence 609(a) and 404(b), respectively.[2] We address the admissibility of the prior convictions under each of these rules in turn.

### A

■ At the time of trial,[3] Federal Rule of Evidence 609(a) provided that:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Sanders' convictions for assault and possession of contraband fall under 609(a)(1), and the district court therefore was required to balance the probative value of the evidence against its prejudicial effect in assessing its admissibility. Here, although evidence of the prior convictions may be thought somehow generally probative of Sanders' lack of credibility, they were extremely prejudicial since they involved the exact type of conduct for which Sanders was on trial.

We have recognized the prejudice that results from admitting evidence of a similar offense under Rule 609:

Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for im-

---

**2.** Sanders also objected to the admission of a shank recovered from Alston's person three days after the alleged assault occurred. Because we reverse Sanders' conviction on the issue of the admissibility of his prior convictions, we need not reach this other claim.

**3.** The Rule has since been amended in a way irrelevant to this appeal. Fed.R.Evid. 609(a) (amendment effective Dec. 1, 1990).

peachment purposes under Rule 609 should be admitted sparingly if at all. *United States v. Beahm*, 664 F.2d 414, 418–19 (4th Cir.1981) (footnote omitted). In *Beahm*, the defendant was accused of taking indecent liberties with children, and the district court allowed admission of two prior convictions for similar offenses, one of which fell under Rule 609(b) because it was over ten years old. We found that the district court erred by admitting the prior convictions. In discussing the conviction that fell under Rule 609(a)(1), we explained:

> We think that it is doubtful if this conviction could ever serve as the basis for impeachment. It was remote in time, almost falling within the presumptive bar of Rule 609(b). It was for a similar offense, an odious one likely to inflame the jury and thus prejudice defendant. Moreover, it was an offense that had minimal if any bearing on the likelihood that defendant would testify truthfully. But in any event, defendant was denied the safeguards of Rule 609(a). The district court failed to determine as a prerequisite to use of the evidence that the probative value of the conviction for impeachment purposes outweighed its prejudicial effect to the defendant as required by Rule 609(a).

*Id.* at 419.

Although Sanders' prior convictions were not as remote in time as the prior conviction at issue in *Beahm*, all of the other reasons for holding the evidence inadmissible in *Beahm* apply equally well to Sanders. It is unclear whether and how the district court may have sought to balance the probative value of this evidence against its prejudicial effect, since at the hearing on Sanders' motion *in limine* the district judge simply stated, "[t]hey [the government] are entitled to go into that [Sanders' prior convictions] both on the question of intent and impeachment." J.A. at 149. Even if the district court had explicitly conducted a balancing inquiry before admitting this evidence, we would find the evidence inadmissible under Rule 609(a) because of the high likelihood of prejudice that accompanies the admission of such

similar prior convictions. As we stated in *Beahm*,

> [w]here as here the offense sought to be admitted against defendant had little bearing on his propensity to tell the truth, the district court should have recognized that the substantial likelihood of prejudice outweighed the minimal impeachment value of the evidence, and refused to admit the evidence, ... or at the very least limited disclosure to the fact of conviction without revealing its nature.

*Id.* at 419 (citations omitted). We therefore hold that Sanders' prior convictions were not admissible under Rule 609(a).

**B**

In the alternative, the district court held that Sanders' prior convictions were admissible under Rule 404(b) to show Sanders' intent to commit both crimes charged. Under Rule 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have interpreted Rule 404(b) quite broadly, holding that it "is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir.1990). But the Rule, of course, contains its ultimately limiting constraint that must be honored.

Here, evidence of Sanders' prior convictions for assault and possession of contraband is a prime example of evidence "which proves only criminal disposition." Since Sanders admitted the stabbing and claimed only that in doing so he acted in self-defense, the only factual issue in the case was whether that was the reason for the admitted act. The fact that Sanders had committed an assault on another prisoner and possessed contraband one year earlier had nothing to do with his reason for—his

intent in—stabbing Jenkins. All that the evidence of the prior conviction of assault could possibly show was Sanders' propensity to commit assaults on other prisoners or his general propensity to commit violent crimes. The total lack of any probative value in the contraband possession conviction, except to show general criminal disposition, is even more stark. This is exactly the kind of propensity inference that Rule 404(b)'s built-in limitation was designed to prevent.

Unlike several of our cases relied upon by the government, this is not a case where prior convictions are relevant to the defendant's knowledge or absence of mistake. *Cf. United States v. King*, 768 F.2d 586, 588 (4th Cir.1985) ("The prior crimes evidence was relevant to resolution of the intent and absence of mistake issues because it tends to show that King knew how drugs are retailed...."); *United States v. Smith Grading and Paving, Inc.*, 760 F.2d 527, 531 (4th Cir.1985) (admits prior conviction for bid rigging because "Dellinger's other bid rigging was probative of his knowledge of entering a bid rigging conspiracy."); *United States v. Naylor*, 705 F.2d 110, 111–12 (4th Cir.1983) (prior conviction for attempted theft of a motor vehicle "admissible on the issue of knowledge and absence of mistake in a 1982 charge of interstate transportation of a stolen motor vehicle, since an essential element of this crime is defendant's knowledge that the vehicle is in fact stolen."). In contrast to the crimes involved in those cases, assault with a shank is not the kind of crime in which knowledge is even implicitly at issue. The government did not need to prove that Sanders knew how to stab Jenkins, that was not in issue. Sanders admitted the act, hence knowledge of how to do it, and that it was no mistake. Because Sanders' prior convictions could only "prove the character of [Sanders] in order to show action and conformity therewith," we hold

that the district court erred in admitting this evidence under Rule 404(b).[4]

## III

There remains the question whether, as the Government contends, the error was harmless as to either or both convictions.

### A

■ The admission of Sanders' prior convictions was not harmless error as to his assault conviction. The assault prosecution turned essentially upon the jury's assessment of the relative credibility of Sanders and Jenkins, the direct protagonists, who gave widely conflicting versions of the stabbing. In such a situation, evidence having no possible basis except to show a propensity for violence on the part of the defendant obviously has the capacity to tip the balance in such a swearing contest.

As we have previously noted, "[i]n the realm of nonconstitutional error, the appropriate test of harmlessness ... is whether we can say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Nyman*, 649 F.2d 208, 211–12 (4th Cir.1980) (citation omitted) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). One of the "'decisive factors'" in applying this standard is the closeness of the case. *Id.* at 212 (quoting *Gaither v. United States*, 413 F.2d 1061 (D.C.Cir.1969)). Here, there are the critical facts that the jury could not reach a verdict on the assault charge at Sanders' first trial and that the second jury deliberated for some hours before reaching a guilty verdict in a relatively simple, straightforward case. And there is the further fact that the jury ultimately convicted Sanders of a lesser offense than that

---

**4.** Admission of evidence under Rule 404(b) remains subject to the general limitation in Rule 403 that relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice ..." Fed.R.Evidence 403. *See Huddleston v. United States*, 485 U.S. 681, 688, 108 S.Ct. 1496, 1500, 99 L.Ed.2d 771 (1988). Sanders argues that even if we did find that the prior crimes were relevant to proving intent, they should have been excluded under the Rule 403 balance. In view of our disposition, we need not address that alternative argument.

for which he was indicted. Under these circumstances, we cannot say "with fair assurance ... that the judgment was not substantially swayed" by the erroneous admission of this obviously damaging evidence.

## B

■ We conclude, however, that the error in admitting the evidence of the prior convictions was harmless as to the possession count for which Sanders was convicted on his first trial. As opposed to the closeness of the case on the assault count—with the outcome depending upon the jury's assessment of conflicting testimony on Sanders' self-defense theory—the case on the possession count was not comparably close. As to that count, Sanders of course admitted possession of the shank used to stab Jenkins, he simply denied ownership, ascribing that to Jenkins. The evidence was not sufficiently strong in comparison to the Government's evidence that the shank was Sanders' to convince us that his conviction on that count was "substantially swayed" by the admission of this prior-conviction evidence.

## IV

We therefore affirm Sanders' conviction on the possession count, but reverse and remand for a new trial on the assault count. Because the permissible range of sentencing on the possession count is dependent upon whether Sanders is again convicted on the assault count, resentencing should await the result on the latter count.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

NIEMEYER, Circuit Judge, dissenting:

When Sanders claimed that he stabbed a fellow inmate in self defense, he placed at issue his intent which prompted or accompanied the stabbing. Because the government alleged that the stabbing was performed with assaultive intent, the issue was drawn. Although it is certainly true that Sanders' admission that he stabbed the inmate is relevant, the admission does not eliminate the need for determining whether self-defense provided the motive, as he claims, or the stabbing was accompanied by assaultive intent, as the government claims.

While I have had enormous difficulty in sorting out, in a principled manner, when evidence is not relevant to intent but "proves only criminal disposition," *see United States v. Watford*, 894 F.2d 665, 671 (4th Cir.1990), I have little difficulty in concluding that in this case intent was made an issue and that therefore evidence of a prior assault, which is probative of intent, is admissible under Rule 404(b). *See United States v. Rhodes*, 779 F.2d 1019, 1030–31 (4th Cir.1985), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986); *United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir.), *cert. denied*, 464 U.S. 837, 104 S.Ct. 126, 78 L.Ed.2d 123 (1983); *United States v. Velazquez*, 847 F.2d 140, 143 (4th Cir.1988). *See also United States v. Weddell*, 890 F.2d 106, 107–08 (8th Cir.1989). The admission of evidence is a matter of discretion committed to the trial court, and I cannot in the circumstances conclude that the district judge abused this discretion.

I would therefore affirm, and respectfully dissent.