**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4839

GLENN CARMICHAEL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-96-183-A)

Argued: April 10, 1998

Decided: July 14, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Matthew Anthony Rizzo, NIKELSBERG & RIZZO,
P.C., Fairfax, Virginia, for Appellant. James Michael Byrne, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Kath-
erine M. Kelly, Special Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant-appellant Glenn Carmichael appeals his convictions and sentence on charges of distributing illegal drugs. For the reasons that follow, we affirm.

I.

Defendant-appellant Glenn Carmichael drove to the Lorton Reformatory Correctional Complex to visit an inmate. Along the way, he purchased two $5 bags of marihuana, smoked the contents of one bag, and placed the other inside his shoe. When appellant arrived at Lorton, he signed in as a visitor, and was escorted to the "shakedown room." At that time, like other visitors to Lorton, he was instructed to remove his shoes and to take the belongings out of his pants pockets. Predictably, the prison official conducting the "shakedown" of Carmichael discovered the hidden bag of marihuana in his shoe, a bag containing 1.256 grams of marihuana. Carmichael was taken into custody and charged with possessing marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and introducing or attempting to introduce into or upon the grounds of a penal institution of the District of Columbia marihuana in violation of D.C. Code § 22-2603. At trial, Carmichael's defense was that he only placed the marihuana in his shoe for safekeeping, that he forgot it was there by the time he arrived at Lorton, and that he did not intend to distribute the marihuana at Lorton prison. After a jury trial, Carmichael was convicted of both counts, and subsequently sentenced to 51 months of imprisonment.

II.

Carmichael raises the following challenges to his convictions and sentence: that the district court improperly permitted the government

2

to introduce evidence of appellant's prior drug distribution convictions; that he was denied due process of law when the government asked a question at trial regarding his stale 1983 drug conviction; that the government's expert witness improperly testified that Carmichael intended to smuggle marihuana into Lorton; that the district court improperly denied his motion for a continuance; that the district court improperly prevented him from introducing evidence regarding corrections officers who smuggled drugs into Lorton prison; that the district court lacked subject matter jurisdiction over the count in the indictment based on District of Columbia law; and that the district court erroneously failed to sentence under the more lenient "small amount of marihuana" exception to 21 U.S.C. § 841(a). We reject all of these claims.

A.

First, appellant, who testified at trial in his own defense, challenges the district court's ruling permitting the government to impeach his testimony with questions about his prior 1988 and 1992 felony convictions for possession with intent to distribute cocaine. Under Rule 609(a)(1), evidence that a witness who stands accused has been convicted of a felony shall be admitted for the purpose of attacking the witnesses' credibility "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. Rule Evid. 609(a)(1).

Here, the district court conducted the appropriate inquiry under Rule 609(a)(1). It concluded that the evidence of appellant's prior cocaine convictions was probative because it attacked appellant's credibility as a general matter, J.A. at 162, and also because it tended to impeach appellant's specific testimony that he only brought the marihuana into Lorton unintentionally. J.A. at 162. The court also found little likelihood of prejudice to the appellant because the prior crimes were sufficiently dissimilar to the charged offenses (crack versus marihuana) and remote in time from those charged offenses (four to eight years old) to reduce the likelihood that the jury would automatically convict the appellant simply because of his prior convictions. J.A. at 160. Finally, the court concluded that the probative value of the prior conviction evidence outweighed its prejudicial effect, and it also gave the jury a cautionary instruction that further reduced the

3

chance that the jury might use the impeachment evidence for an impermissible purpose. J.A. at 220. The district court did not abuse its discretion when it undertook this inquiry and permitted this evidence to be introduced at trial.

Our resolution of this issue is virtually controlled by United States v. Leavis, 853 F.2d 215 (4th Cir. 1988). In that case, the defendant, who testified at trial, was charged with conspiracy to smuggle cocaine, and the trial court permitted the government to question the defendant about a prior felony conviction for marihuana possession. We held that questioning to be proper and insufficiently prejudicial because the prior conviction evidence was introduced to rebut the impression left by the defendant's testimony that he had no prior contact with drugs or drug dealers. Similarly, here, appellant testified that his act of introducing marihuana into the prison was an unintentional and honest mistake, and, "[t]he prosecution was entitled, as the district court held, to rebut the false impression[appellant] was creating by his testimony" by showing that appellant was in fact aware of drug distribution methods and that it would be unlikely for him to smuggle illegal drugs into a prison accidentally. Id. at 220. Cf. Fed. Rule Evid. 404(b) (evidence of defendant's other bad acts is admissible for the purposes of proving the defendant's "intent . . . or absence of mistake or accident").

Appellant, however, contends that the impeaching offenses here were so factually similar to the charged offenses that, under United States v. Saunders, 964 F.2d 295 (4th Cir. 1992), the prejudicial effect of such evidence is necessarily outweighed by its probative value. In Saunders, however, the impeaching conviction"had little bearing on [the defendant's] propensity to tell the truth," id. at 298, but was only introduced for the purpose of attacking the defendant's general credibility as a felon, whereas here, appellant's prior convictions were introduced to contradict the impression created by the appellant's specific testimony professing a lack of intent to distribute drugs. Additionally, in Sanders, we remarked that it was "unclear whether and how the district court may have sought to balance the probative value of [the] evidence against its prejudicial effect" because of the district court's conclusory ruling without explanation. Id. at 298. In contrast, the district court here specifically identified the appropriate factors in the Rule 609(a)(1) balancing inquiry and exercised its discretion in

4

applying those factors to the facts of this case. And, finally, the impeaching offenses here were not identical to the charged offenses, and were sufficiently dissimilar so as to lessen the risk of undue prejudice.**1**

Although the district court below allowed the prior conviction evidence under Rule 609, this evidence was also admissible under Rules 403 and 404(b). The government introduced evidence of Carmichael's prior convictions for the purpose of proving that he intended to introduce illegal drugs into Lorton prison at the time of the charged conduct and that he did not mistakenly bring the marihuana into the prison, J.A. at 161, and, under Rule 404(b), evidence of a defendant's prior convictions is admissible for the purpose of proving the defendant's "intent . . . or absence of mistake or accident." Fed. Rule Evid. 404(b). The probative value of this evidence was also not "substantially outweighed by the danger of unfair prejudice," Fed. Rule Evid. 403, especially in light of the curative jury instruction given by the district court. J.A. at 220.

B.

Appellant contends that he was denied due process of law when the government asked him during cross-examination about a stale 1983 conviction for selling drugs. Appellant's trial counsel, however, lodged an immediate objection to this question on the grounds that the 1983 conviction was stale, and that objection was sustained. J.A. at 177-78. Furthermore, the defendant did not answer the objected-to question, and the government's line of questioning ceased immedi-

_____

**1** Indeed, the appellant concedes as much. For, although he argues as it relates to Rule 609(a)(1) that his two prior cocaine offenses were identical to his charged offenses of marihuana distribution, elsewhere, and in response to the alternative argument that the prior convictions are admissible under Rule 404(b) to prove lack of mistake, appellant argues that the prior offenses are not "related in any way to the facts of this case" because they "involved a completely different type of drug, crack cocaine, in a wholly distinct context, street distribution." Br. of Appellant at 11 (emphases added). Thus, by appellant's own admission, his prior convictions were significantly dissimilar to the charged offenses at issue here.

5

ately after the court sustained the objection. Id. The court also instructed the jury to base its verdict only upon the evidence in the case, and it also instructed them that not to consider as evidence "facts contained in a question to which an objection was sustained." J.A. at 219. Thus, because the stale conviction was never introduced into evidence, because the jury was instructed to disregard it, and because we must presume, absent some showing or argument to the contrary, that juries follow instructions, appellant has not established that his trial was so fundamentally unfair or prejudicial that it violated due process.

C.

Appellant also maintains that the government's expert witness, Captain Grillo, in violation of Federal Rule of Evidence 704, impermissibly testified at trial as to appellant's intent to distribute marihuana into Lorton. That rule prohibits an expert witness in a criminal case from "stat[ing] an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Fed. Rule Evid. 704. Because appellant did not lodge a contemporaneous objection to Captain Grillo's trial testimony on these grounds, we review the district court's evidentiary ruling for plain error. [2]

Captain Grillo, who is an expert in the prison drug trade, testified at trial that the small amount of drugs found in appellant's shoe, the wrapping and packaging of those drugs, and the method in which those drugs were hidden in appellant's shoe, were all consistent with

_____

[2] Appellant did object to Grillo's prospective testimony in a motion in limine. J.A. at 83. The district court, however, denied that motion after the government represented to the court that it had no intention of asking the expert witness at trial to testify as to the defendant's intent at the time of the shoe incident. The court then instructed the defendant to make a specific objection at trial if the witness actually testified as to the defendant's intent in violation of Rule 704(b). J.A. at 83. This, appellant did not do. Thus, appellant failed to lodge a specific and contemporaneous Rule 704(b) objection to this expert witness' testimony, even though he was invited to do so by the district court in the event that the witness so testified. Accordingly, plain error review is appropriate here.

a pattern of prison drug smuggling. During the course of this testimony, Captain Grillo did make one or two comments that could be construed to state an opinion that appellant intended to bring marihuana into Lorton. However, after reviewing the entirety of Grillo's testimony, J.A. at 143-56, and after reading that testimony in light of Grillo's often-repeated statements that he was not testifying as to appellant's mental state, see J.A. at 151, 152, 153, 156, we believe the better interpretation of Grillo's testimony is that he did not state an opinion or inference as to whether appellant intended to smuggle the marihuana into Lorton. Rather, in context, the more plausible reading of Grillo's trial testimony is that Grillo simply testified as to his opinion that appellant's behavior was consistent with that of a prison drug smuggler. We therefore cannot conclude that the introduction of this testimony was plain error that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," United States v. Olano, 507 U.S. 725, 723 (1993), nor, for that matter, could we even conclude that the admission of such evidence constituted an abuse of discretion.

D.

Appellant also contends that the district court abused its discretion by denying appellant's motion for a continuance. On July 1, 1996, an order was entered by the district court requiring the government to disclose to the defendant a written summary of expert witness testimony the government intended to use. J.A. at 9-10. On July 11, the government faxed a letter to defendant announcing the government's intention to rely upon the expert testimony of Captain Grillo. On July 12, appellant filed a motion in limine in which it moved to prevent Grillo from testifying as to appellant's intent during the shoe incident. J.A. at 13-16. On July 17, the morning of the trial, appellant moved for a continuance so that he might procure an expert witness of his own to counter Grillo's testimony. Although the district court expressed its sensitivity to appellant's need for advance notice of expert witnesses, it concluded that additional delay would not serve the interests of justice. J.A. at 85. The district court also found that appellant had every opportunity to procure an expert witness of his own, but simply failed to avail himself of those opportunities. J.A. at 84.

Under these circumstances, we cannot conclude that the district court's refusal to grant the continuance constituted an abuse of discretion or reversible error. The district court quite reasonably could have been hesitant to grant a motion for continuance filed the morning of the first day of trial, particularly in light of appellant's other opportunities to procure an expert witness or to argue that the government's notice was insufficient. In fact, on the day after appellant received notice of the government's intention to call Grillo as an expert, appellant made a motion regarding Grillo's prospective testimony, and significantly, in that very motion, appellant did not argue that he had been prejudiced by the lateness of the government's notice that it would call Grillo.

Furthermore, appellant has not established that he was prejudiced by the denial of the motion for continuance. Appellant has failed to present this court with anything but speculation as to what his unidentified expert witness would have said, if appellant would have even found such a witness. And, if appellant were aware of such a witness who would have testified that 1.256 grams of marihuana is a very small and insignificant amount of drugs in the prison context and that such a quantity is unlikely to have been intentionally introduced into a prison, then appellant had every motivation to obtain such a witness, and, in all likelihood, appellant would have obtained or attempted to obtain such a witness regardless of whether the government intended to call Captain Grillo. Furthermore, appellant's counsel appears to have conducted a vigorous and successful cross-examination of Grillo at trial. J.A. at 152-56. Accordingly, appellant has not carried his burden of demonstrating that he was prejudiced by the district court's denial of his motion for a continuance.

E.

Appellant also contends that the district court abused its discretion by limiting appellant's proposed testimony regarding drug smuggling by other correctional officers at Lorton who were not involved in this case. Along these lines, appellant challenges two rulings made by the district court: first, granting the government's motion in limine and thereby preventing appellant from introducing "unrelated incidents of Lorton correctional officers using and introducing controlled substances at the prison . . .," J.A. at 23-24, and second, sustaining the

8

government's objection to appellant's trial testimony regarding his personal knowledge of drug activity at Lorton facility. J.A. at 189. The district court acted well within its discretion in concluding that testimony regarding drug smuggling activity of <u>other</u> people not involved in this case was not relevant to whether <u>appellant</u> intentionally brought marihuana into the prison. And, to the extent that such evidence might have been relevant to appellant's intent to smuggle marihuana, the district court readily could have concluded that the probative value of such evidence was far outweighed by the potential for jury confusion that would result from shifting the focus of the trial from the defendant's activities to the drug smuggling activity of unrelated correctional officers. Thus, appellant has failed to demonstrate that these two evidentiary rulings amounted to an abuse of discretion, or otherwise denied him of his right to a fair trial.

F.

Appellant further maintains that the district court, the United States District Court for the Eastern District of Virginia, lacked subject matter jurisdiction over the second count in the indictment because that count was based upon District of Columbia law. Count two of the indictment, upon which appellant was convicted, alleged a violation of D.C. Code § 22-2603, which provides in relevant part that:

> [a]ny person, not authorized by law . . . who introduces or attempts to introduce into or upon the grounds of <u>any penal institution of the District of Columbia, whether located within the District of Columbia or elsewhere</u>, any narcotic drug, weapon, or any other contraband article or thing . . . shall be guilty of a felony, and, upon conviction thereof in the Superior Court of the District of Columbia <u>or in any court of the United States</u>, shall be punished by imprisonment for not more than 10 years.

D.C. Code § 22-2603 (emphasis added).

Section 2603 is an extraterritorial statute which applies to Lorton prison, a penal institution of the District of Columbia located within the Commonwealth of Virginia. Contrary to appellant's suggestion, it has long been settled that the District Court for the Eastern District

of Virginia has subject matter jurisdiction over crimes defined by extraterritorial District of Columbia laws committed at Lorton prison. United States v. Young, 916 F.2d 147 (4th Cir. 1990); United States v. Perez, 488 F.2d 1057 (4th Cir. 1974).

G.

Finally, appellant argues that the district court erred in refusing to sentence him under the more lenient "small amount of marihuana" provision of section 841. Appellant was convicted of possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a). Section 841(b)(4) of that title provides:

> . . . any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18.

21 U.S.C. § 841(b)(4). Section 844 establishes criminal penalties for simple possession of marihuana. Appellant contends that 1.256 grams is a very small quantity of marihuana, and that, accordingly, he should be sentenced under the more lenient provisions of section 841(b)(4) and section 844.

The district court concluded that 1.256 grams was not a "small amount" of marihuana within the meaning of section 841(b)(4). In this conclusion, the court relied upon the trial testimony that, in the prison context, drug quantities are measured in grams or milligrams rather than pounds and ounces, that 1.256 grams was a significant amount of marihuana to be introduced into a prison, and that 1.256 grams of marihuana is an average amount of marihuana to be introduced into Lorton during a smuggling incident. J.A. at 144, 148 (expert witness), 237 (district court). This testimony was uncontroverted, and we are unable to conclude that it was reversible error for the district court to conclude, in light of this evidence, that the 1.256 grams of marihuana was not a "small amount" of marihuana in this case.

CONCLUSION

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED