**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5947

WALTER LEE SADLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-134-V)

Submitted: May 29, 1998

Decided: September 4, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Brian L. Whis-
ler, Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Walter Lee Sadler appeals from his conviction and sentence for bank fraud and using fraudulent social security numbers in violation of 18 U.S.C. § 1344 (1994) and 42 U.S.C. § 408(a)(7) (1994). We affirm in part, and vacate and remand in part.

Sadler raises four perceived errors which he believes warrant reversal in his case. First, he contends that the district court erred in denying his motion for judgment of acquittal based on the Government's failure to prove that the banks at issue were federally insured. We first note that Sadler made no such motion. However, because federally insured status is a jurisdictional element under § 1344, we review the issue notwithstanding. Our review of the materials submitted by the parties discloses uncontroverted testimony that Southern National Bank, later acquired by BB&T Bank, was federally insured. Taking this in the light most favorable to the Government, we find this evidence sufficient to allow a jury to find federally insured status. See Glasser v. United States, 315 U.S. 60, 80 (1942) (providing sufficiency standard); see also United States v. Schultz, 17 F.3d 723, 727 (5th Cir. 1994) (stating that testimony that bank was federally insured would be sufficient to establish jurisdiction under § 1344); United States v. Gallop, 838 F.2d 105, 112 (4th Cir. 1988) (finding bank employee's uncontroverted testimony that bank was FDIC insured sufficient to establish federal jurisdiction under bank robbery statute).

Sadler next contends that the district court erred in allowing the Government to present evidence of his prior conviction for social security fraud. We review the district court's decision to admit this evidence under Fed. R. Evid. 404(b) for abuse of discretion and find none. Further, even assuming error, we find that given the totality of the evidence against Sadler, the admission of this conviction did not substantially sway the judgment and was therefore harmless. See United States v. Sanders, 964 F.2d 295, 299 (4th Cir. 1992).

Sadler next argues that the district court erred in imposing restitution without making the factual findings required under 18 U.S.C.

2

§ 3664(a) (1994). We review this claim for abuse of discretion. See United States v. Piche, 981 F.2d 706, 718 (4th Cir. 1992). A district court may satisfy § 3664 by either: (1) specifically articulating its findings regarding each factor on the record; or (2) adopting a presentence report that contains adequate factual findings to allow effective appellate review. See United States v. Castner , 50 F.3d 1267, 1277 (4th Cir. 1995); United States v. Molen, 9 F.3d 1084, 1086 (4th Cir. 1993). Here, the district court chose the latter alternative, adopting the findings in the report and noting that Sadler is the primary provider for his son.

Sadler asserts that although the report recommended restitution, it did not present "even a scintilla of evidence" that he had the ability to pay. Rather, he claims that the report asserted that he was bankrupt, owed medical bills, and did not have the ability to pay a fine. In actuality, the report stated that Sadler had no assets or liabilities, other than some medical bills associated with the birth of his son, and that he filed three unsuccessful petitions for bankruptcy between 1981 and 1983. The presentence report also noted, however, that Sadler possessed a gainful employment record, earning $600 per week in 1995, that he attended high school, and that he had military as well as some college experience. We conclude that these findings are sufficient to justify the imposition of restitution, especially when the court elected not to impose a fine.

Sadler next contends that the district court failed to comply with Fed. R. Crim. P. 32 in resolving factual disputes at sentencing. A district court satisfies Rule 32 when it adopts the findings in the presentence report, provided that it makes clear which issues were resolved by its adoption. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). Sadler, however, asserts that the report did not contain factual support for its conclusions in regard to four of his objections. We conclude that the report contained sufficient factual support as to all of Sadler's objections. Accordingly, we find that in adopting the report, the district court satisfied the requirements of Rule 32.*

_____

*In relation to this claim, Sadler also asserts that the district court misunderstood one of his objections relating to a miscalculation in his criminal history score. He claims that the report incorrectly assigned two points to a prior conviction resulting in a probationary sentence. Although probationary sentences are assigned only one point under U.S.

3

Finally, Sadler contends that the district court erroneously ordered him to pay restitution to the Kingspark Apartment complex because the complex was not a victim of his offense of conviction. Sadler did not object on this basis below, and accordingly this claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725 (1993). An individual or organization is a victim under § 3663, if the act that harms them is either "conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996). The conduct of defrauding Kingspark in Sadler's case was not an underlying element of his offense of conviction, and although it was part of a pattern of criminal activity, the pattern itself is not an element of his offense. Accordingly, the imposition of restitution was a clear error. Further, because the VWPA provides the only authority for an order of restitution to Kingspark, the error resulted in an illegal sentence. See, e.g., United States v. Cobbs, 967 F.2d 1555, 1558 (11th Cir. 1992) (holding that an order imposing restitution beyond that authorized by the VWPA creates an illegal sentence reviewable as plain error). As such, we conclude that the imposition was plainly erroneous under the standard set forth in Olano. We therefore vacate the order of restitution.

We thus affirm Sadler's conviction, but vacate the restitution order and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

_____

Sentencing Guidelines Manual § 4A1.1(c) (1995), when there is a revocation of probation, the term of imprisonment imposed upon revocation is added to the original term, and the total is used to determine history points under USSG § 4A1.1. See USSG§ 4A1.2(k). Here, Sadler was originally sentenced to six months' imprisonment, suspended, and three years of supervised probation. His probation was later revoked and his original sentence reimposed, less ninety days' credit. Thus, he was given a sentence of three months' imprisonment. Because this sentence exceeds sixty days, it was properly given two points under USSG § 4A1.1(c).

4