**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4335**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILVESTRE RAMIREZ-NOYOLA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-130)

_____

Submitted:  August 3, 2005          Decided:  August 22, 2005

_____

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Silvestre Ramirez-Noyola was convicted by a jury of one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Ramirez-Noyola was sentenced to seventy-six months' imprisonment. We find no error and affirm Ramirez-Noyola's conviction and sentence.

Ramirez-Noyola first contends that the trial court erred when it admitted, over defense objection, testimony regarding prior possession of the firearm at issue. Ramirez-Noyola asserts the testimony was offered to show general bad character and was therefore inadmissible under Fed. R. Evid. 404(b). He further asserts that even if the testimony was permissible under Rule 404(b), it should have been excluded under Fed. R. Evid. 403 as its probative value was substantially outweighed by the danger of unfair prejudice.

"Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion." United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). "We will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)). To preserve a claim of error predicated upon a ruling which admits evidence, a

party must make a timely objection "stating the specific ground of objection, if the specific ground was not apparent from the context." Fed. R. Evid. 103(a)(1); see also Fed. R. Crim. P. 51(b). In the context of Rule 404(b), this court has broadly interpreted the rule, holding that it "'is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition.'" United States v. Sanders, 964 F.2d 295, 298 (4th Cir. 1992) (quoting United States v. Watford, 894 F.2d 665, 671 (4th Cir. 1990)).

Ramirez-Noyola objected to admission of testimony regarding his possession of the firearm on prior occasions. The district court found this evidence admissible under Rule 404(b) for the purpose of determining who had the right to exercise dominion and control over the firearm. The issue was significant as the firearm was retrieved by police officers from Ramirez-Noyola's companion. After determining that the testimony was admissible for something other than criminal disposition, the district court performed the Rule 403 balancing test and found the probative value substantially outweighed the danger of unfair prejudice. We find the district court did not abuse its discretion by admitting this evidence.

Ramirez-Noyola next contends the evidence was insufficient to support his conviction for violating 18 U.S.C. § 922(g)(1) (2000). In reviewing a sufficiency challenge, "[t]he

verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[W]e have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where "the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." Id. (quoting United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994)). Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, of the sufficiency of the evidence to support a conviction is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id.

To prove a violation of 18 U.S.C. § 922(g)(1), the Government must establish that "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled [sic] in interstate or foreign commerce at some point during its existence." <u>United States v. Langley</u>, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  After reviewing the evidence in the light most favorable to the government, we conclude that substantial evidence supports the conviction.

Accordingly, we affirm Ramirez-Noyola's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>