**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4928

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN LAWTON LEDINGHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.   Norman K. Moon, District Judge.  (6:07-cr-00007-nkm)

Submitted:  June 30, 2009            Decided:  August 7, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph A. Sanzone, SANZONE & BAKER, P.C., Lynchburg, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted John Lawton Ledingham of possessing a firearm (Count 6) and ammunition (Count 7) after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). He appeals his convictions, challenging the district court's evidentiary rulings and asserting that the Government violated Brady v. Maryland, 373 U.S. 83 (1963). Finding no reversible error, we affirm.

Ledingham argues that the district court erred in allowing the Government to cross-examine him regarding his prior convictions after he stipulated that he was a convicted felon. We review a district court's determination as to the scope of cross-examination for abuse of discretion. See United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002); cf. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009) ("We review evidentiary rulings of the district court for abuse of discretion.").

In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court held that, when a defendant stipulates to his felony status at the time of his alleged possession of a firearm in violation of § 922(g)(1), the Government is precluded from offering other evidence to prove the prior conviction. Id. at 191; see United States v. Williams, 461 F.3d 441, 442-43 (4th

2

Cir. 2006).  The Government, however, did not offer any additional evidence on Ledingham's prior convictions in its case-in-chief.  When the Government elicited testimony regarding Ledingham's other convictions on cross-examination, Ledingham already had testified to part of his criminal history.  See Williams, 461 F.3d at 451 ("The fact that the jury already knew of [defendant's] felon status when it heard the names of his prior . . . convictions mitigates any damage that may have been caused by the introduction of those names.").

Turning to Ledingham's claim that the district court erred in admitting evidence of his prior convictions under Rule 609(a) of the Federal Rules of Evidence, Ledingham focuses on the district court's failure to conduct the required balancing test set forth in Rule 609(a)(1).  See United States v. Gray, 852 F.2d 136, 139 (4th Cir. 1988).  Because he did not rely on this ground in the district court, this court's review is for plain error.  United States v. Kemp, 546 F.3d 759, 763 (6th Cir. 2008); see United States v. Olano, 507 U.S. 725, 732-36 (1993) (providing standard).

Assuming that the district court's failure to conduct the balancing test amounted to error that was plain, we find that such error did not affect Ledingham's substantial rights. The prior convictions included drug offenses and possession of

stolen property, none of which were similar to the instant § 922(g)(1) offense.  Cf. United States v. Saunders, 964 F.2d 295, 297-98 (4th Cir. 1992) (finding evidence of similar prior convictions inadmissible under Rule 609(a)).  Moreover, the district court gave the jury a cautionary instruction regarding the use of prior convictions.  See Williams, 461 F.3d at 451 ("We have held that [curative] instructions mitigate the possibility of prejudice from improperly admitted evidence of the defendant's criminal history because [w]e generally follow the presumption that the jury obeyed the limiting instructions of the district court.") (internal quotation marks and citation omitted).  We therefore find no abuse of discretion in the district court's evidentiary ruling.

Next, Ledingham contends that the district court erred by denying his motion for a mistrial after the Government cross-examined him about a prior conviction he did not commit. We review a district court's denial of a motion for a mistrial for an abuse of discretion and find none in light of the district court's limiting instructions to the jury.  See United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (stating standard of review); Williams, 461 F.3d at 451 (noting that this court presumes jury follows trial court's limiting instructions).

Ledingham also asserts on appeal that the Government violated Brady by failing to disclose a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") asset claim form, in which his wife stated that she owned the guns seized during the search of his home. Due process is violated if the evidence in question: (1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government either willfully or inadvertently; and (3) is material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). "[H]owever, where exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the Brady doctrine." United States v. Jeffers, __ F.3d __, __, 2009 WL 1678046, at *10 (4th Cir. June 17, 2009) (No. 06-5289) (internal quotation marks and citation omitted). Moreover, "there is no Brady violation if the defense is aware of the evidence in time to reasonably and effectively use it at trial." Id.

Although the original BATFE asset claim form could have been used to impeach Mrs. Ledingham's testimony that the guns belonged to Ledingham, we find that the nondisclosure of the form itself did not undermine the outcome of the trial. See Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (providing

5

standard).  Our review of the record on appeal leads us to conclude that Ledingham was aware of the information contained in the form before trial and could have taken reasonable measures to obtain a copy of the form from the BATFE.  See Jeffers, 2009 WL 1678046, at *10.  Thus, this claim fails.

Finally, Ledingham asserts that the district court erred by allowing his wife to testify after he asserted a marital communications testimonial privilege.  We review the trial court's resolution of the marital privilege issue for an abuse of discretion and find none.  See United States v. Acker, 52 F.3d 509, 515 (4th Cir. 1995) (stating standard of review). Because Ledingham and his wife jointly were involved during their marriage in ongoing criminal activity (i.e., conspiring to lie to federal officials on the BATFE asset claim form regarding the ownership of the firearms seized during the search of his home), he cannot rely on the marital communications privilege. United States v. Parker, 834 F.2d 408, 411 (4th Cir. 1987) (recognizing "that where marital communications have to do with the commission of a crime in which both spouses are participants, the conversation does not fall within the marital privilege") (internal quotation marks and citation omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>