**[J-88-2014][M.O. – Castille, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 18 WAP 2014 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court dated December 13, 2013 at No. |
| | : | 55 WDA 2013, vacating the judgment of |
| v. | : | sentence of the Court of Common Pleas |
| | : | of Clearfield County dated December 4, |
| | : | 2012 at CP-17-CR-0000541-2012, and |
| JASON LEE HOOVER, | : | remanding. |
| | : | |
| Appellee | : | ARGUED:  October 7, 2014 |

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                **DECIDED: DECEMBER 30, 2014**

I respectfully dissent.

Evidentiary rule 609(b) requires exclusion of a prior stale <u>crimen</u> <u>falsi</u> conviction unless the conviction's "probative value <u>substantially outweighs</u> its prejudicial effect[.]" Pa.R.E. 609(b)(1) (emphasis added).  This balancing test is a loose encapsulation of factors that were originally mentioned in <u>Commonwealth v. Roots</u>, 482 Pa. 33, 393 A.2d 364 (1978), and repeated in <u>Commonwealth v. Randall</u>, 515 Pa. 410, 528 A.2d 1326 (1987).  The rule's commentary indicates that 609(b) "basically tracks what was said" in <u>Randall</u>.  <u>Id.</u>, Official Cmt.  Still, the text obviously predominates over any associated commentary as well as the decisional law purportedly incorporated by the commentary. <u>Accord</u> <u>Mitchell Partners, L.P. v. Irex Corp.</u>, 617 Pa. 423, 435-36, 53 A.3d 39, 46-47 (2012) (applying a similar approach to statutory text).  Thus, I believe that courts should focus primarily on the text of Rule 609(b)(1).

As I read the rule, it chiefly implicates the second <u>Randall</u> factor. That factor balances the potential for the evidence to "smear the character of the defendant and suggest a propensity" to commit the crime, against its tendency to "provide a legitimate reason for discrediting" the witness. <u>Randall</u>, 515 Pa. at 413, 528 A.2d at 1328. To my mind, these are essentially the same as "probative value" and "prejudicial effect," albeit the latter are more concisely phrased. In this regard, the Commonwealth's only valid use of a prior conviction in this context is to suggest the defendant's untruthfulness as a witness, <u>see</u> <u>Roots</u>, 482 Pa. at 37, 393 A.2d at 366, and hence, it is only in this manner that the conviction can properly be deemed probative. <u>See</u> <u>Commonwealth v. Bighum</u>, 452 Pa. 554, 566, 307 A.2d 255, 262 (1973). As such, notwithstanding the commentary, Rule 609(b)(1) principally carries forward the second of the five <u>Randall</u> factors.

I make this observation because it seems to me – and the present case illustrates the point – that use of the five factors as a framework for disposition has begun to overshadow the rule's actual meaning and intent. A review of earlier cases which contributed to the formulation of Rule 609(b) reveals that the Court was not satisfied simply to give wide discretion to trial courts to use an open-ended, multi-factored balancing test subject to extremely deferential review. Rather, the rule had its origin in cases, such as <u>Bighum</u>, which were mainly concerned with closely channeling the common pleas courts' exercise of discretion in view of the danger that a defendant might be unfairly prejudiced by prior bad-acts evidence. <u>Bighum</u> observed that, "[w]here the defendant has no other means by which to defend himself, it would be particularly unjust to subject him to the introduction of prior convictions." <u>Bighum</u>, 452 Pa. at 567, 307 A.2d at 263.

Within this context, factors other than the second one, such as the age and circumstances of the defendant or the existence of alternative means of attacking the defendant's credibility, were more peripheral than central, as they served to guide the ultimate determination of whether the probative value did, in fact, significantly outweigh the danger of unfair prejudice.  Accord Roots, 482 Pa. at 39, 393 A.2d at 367 (summarizing Bighum as representing an effort "to limit the admission of this type of evidence to situations where its introduction was of essential evidentiary value to the prosecution and not unreasonably unfair to the defense"); see also Bighum, 452 Pa. at 565 n.7, 307 A.2d at 262 n.7 ("The vortex of the storm of disagreement seems to focus upon the balance between the probative value of this type of evidence as it bears on the credibility of the defendant as a witness as opposed to the prejudicial effect that such evidence has upon the jury." (citing Note, Other Crimes Evidence At Trial: Of Balancing And Other Matters, 70 YALE L.J. 763 (1961))).  Additionally, the Court was viewing the admission of stale other bad-acts evidence with great circumspection.  See, e.g., Roots, 482 Pa. at 41, 393 A.2d at 368 (suggesting that this type of evidence has a "highly inflammatory potential"); Bighum, 452 Pa. at 566, 307 A.2d at 262 (recognizing "the tendency of a normal juror to accept testimony of prior convictions as a basis for finding a predisposition to commit the crime charged").

In this arena, excessive deference to common pleas courts can be harmful, as it tends to undermine the rationale and purport of the earlier cases and restrict the provision of meaningful guidance to such tribunals.  Such an approach, then, is in substantial tension with the underlying philosophy and concerns as expressed in the earlier cases, as well as with Rule 609(b)'s goal of providing an essential check on the introduction of prior-crimes proofs which do not bear directly upon the question of guilt

or innocence. Accordingly, I believe that Pennsylvania courts should recognize that Rule 609(b)(1), by its terms and for valid reasons, is restrictive in nature.

In determining whether probative value substantially outweighs prejudicial effect, it should be noted, first, that the danger of unfair prejudice can be significant, particularly in a situation where the defendant's only means of defending himself is to testify. See Bighum, 452 Pa. at 567, 307 A.2d at 263; Commonwealth v. Spruill, 480 Pa. 601, 606, 391 A.2d 1048, 1050-51 (1978) ("Evidence of prior criminal activity . . . is probably only equaled by a confession in its prejudicial impact upon a jury. Thus, . . . courts should be ever vigilant to prevent the introduction of this type of evidence under the guise that it is being offered to serve some purpose other than to demonstrate the defendant's propensity to commit the charged crime." (emphasis removed)). On the other hand, while any crimen falsi conviction undoubtedly has some probative value, that value is somewhat diminished in the Rule 609(b) category of cases, since by definition the category only includes stale convictions – meaning they are more than ten years old. Where, as here, there is only one stale prior offense, it cannot demonstrate a pattern of dishonesty. Hence, in such a circumstance the probative value is diminished even further.[1]

The trial court recognized that the probative value did not outweigh, let alone substantially outweigh, the prejudicial effect. Indeed, the court recognized that the second Randall factor – again, the primary one for Rule 609(b)(1) purposes – weighed in Appellee's favor, and particularly so because the identity of the prior crime with the

---

[1] In Commonwealth v. Rivera, 603 Pa. 340, 983 A.2d 1211 (Pa. 2009), by contrast, there were five prior crimen falsi offenses. Moreover, all such prior offenses were of a vastly different nature than the offense for which the defendant was on trial. See id. at 368, 983 A.2d at 1229. In terms of assessing prejudice, the importance of the present identity of the prior offense with the offense charged is discussed below.

offense charged would have the effect of suggesting criminal propensity, which is forbidden. See Pa.R.E. 404(b)(1); Commonwealth v. Hairston, ___ Pa. ___, ___, 84 A.3d 657, 665 (2014) (citing Commonwealth v. Lark, 518 Pa. 290, 543 A.2d 491 (1988)).[2] Other courts have also considered the enhanced potential for prejudice when the prior crime is the same as the present one. In United States v. Sanders, 964 F.2d 295 (4th Cir. 1992), the federal appellate court explained:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that [the] defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under [Federal] Rule 609 should be admitted sparingly if at all.

Id. at 297-98 (quoting United States v. Beahm, 664 F.2d 414, 418-19 (4th Cir. 1981)) (emphasis added); accord State v. Colf, 525 S.E.2d 246, 249 (S.C. 2000); State v. Redmond, 803 N.W.2d 112, 124 (Iowa 2011) ("[O]ur case law has continually cautioned against admitting prior convictions which are similar to the defendant's current charge

---

[2] The trial court explained that, because Appellee was "charged with the same crime as his past conviction," the admission of his prior conviction "is more likely to suggest criminal propensity." Commonwealth v. Hoover, No. CP-17-CR-451-2012, slip op. at 5 (C.P. Clearfield March 21, 2013). In a similar vein, the Superior Court expressed that the prejudice

> was extreme as the prior conviction entered into evidence was for the same offense with which Appellant was presently charged and was substantially similar to the other four charges. It is hard to imagine how the jury would not have inferred that Appellant had a propensity to commit the instant offenses because of his prior conviction. Although there was some probative value in the introduction of the prior conviction, it does not substantially outweigh the prejudice of its introduction.

Commonwealth v. Hoover, No. 55 WDA 2013, slip op. at 14 (Pa. Super. 2013).

for fear the jury will assume the defendant's guilt by inferring the defendant acted in conformity with his past conduct.").

As noted, the trial court here recognized this same possibility, and on that basis, ruled that the second Randall factor weighed in Appellee's favor. See supra note 2. Yet the court ultimately determined, based on other Randall factors, that the prior conviction was admissible.  See Hoover, No. CP-17-CR-451-2012, slip op. at 7.  Thus, the court rested its decision on the premise that, under Rule 609(b)(1), all five Randall factors stand on essentially the same footing.  I would find this to constitute a misapplication of the governing law – again, the actual text of Rule 609(b)(1) – and thus, an abuse of discretion.  See Commonwealth v. Wright, 621 Pa. 446, 462, 78 A.3d 1070, 1080 (2013) (recognizing that a misapplication of the law amounts to an abuse of discretion); Majority Opinion, slip op. at 9 (same).

Accordingly, I would affirm the Superior Court's order awarding a new trial, and to the degree the intermediate court's decision reflects an emphasis upon the weighing process, I support its efforts to provide guidance to the common pleas courts consistent with earlier prevailing decisions of this Court.