**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JUWAN TONAY FERGUSON,<br><br>Defendant - Appellant. | No. 09-10418<br><br>D.C. No. 1:08-cr-00116-LJO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Defendant-Appellant Juwan Ferguson appeals a judgment following a jury

verdict convicting him of voluntary manslaughter, in violation of 18 U.S.C.

§ 1112. Finding Defendant subject to the federal "three strikes" law, 18 U.S.C.

§ 3559(c)(1)(A), the United States District Court for the Eastern District of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

California imposed a life sentence. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Ferguson's conviction but vacate his sentence and remand to the district court for re-sentencing.

## I.   Defendant's Conviction

We apply a four-part test to determine if the district court erred under Federal Rule of Evidence 404(b) in permitting the government to introduce Defendant's 1998 state court conviction:

> [E]vidence of prior . . . criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.

*United States v. Corona*, 34 F.3d 876, 881 (9th Cir. 1994) (citation and internal quotation marks omitted). We have held that "[t]he greater is the dissimilarity of the two offenses, the more tenuous is the relevance." *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1109 (9th Cir. 1979). The circumstances of the 1998 conviction and the prison fight here are distinct. The 1998 conviction was assault with a semi-automatic weapon in a public place and was not related to a claim of

2

self-defense by Ferguson. The fight here occurred in prison, with fists and feet, and arose from the victim instigating a fight by striking Defendant in the face. For the 1998 conviction to be relevant in these circumstances, the jury first needed to draw a prohibited character inference and conclude that Ferguson had a violent propensity which rendered him unlikely to employ self-defense. This is the inference Rule 404(b) aims to keep from the jury. *See United States v. Commanche*, 577 F.3d 1261, 1269–70 (10th Cir. 2009); *United States v. Sanders*, 964 F.2d 295, 298–99 (4th Cir. 1992).

Nevertheless, "[a] nonconstitutional evidentiary error will be reversed for abuse of discretion only if the court's ruling more likely than not affected the verdict." *United States v. Chu Kong Yin*, 935 F.2d 990, 994 (9th Cir. 1991). Given the overwhelming evidence of guilt against Ferguson, particularly Officer Avila's description of Ferguson's escalating retaliation, we conclude that any error in admitting defendant's prior conviction did not affect the voluntary manslaughter conviction.

Ferguson also challenges the district court's dismissal of Juror No. 8. A trial court's decision to excuse a juror is reviewed for abuse of discretion. *United States v. Alexander*, 48 F.3d 1477, 1485 (9th Cir. 1995). Once a jury has begun to deliberate, the defendant has a right under Federal Rule of Criminal Procedure

3

24(c) not to have the juror substituted without his consent. *United States v. Beard*, 161 F.3d 1190, 1194 (9th Cir. 1998). The dismissal of Juror No. 8 occurred mid-trial and before the jurors were instructed or even permitted to deliberate. The juror raised a valid concern about his impartiality, and the district court's inquiry of the juror was thorough. The transcript reflects that the juror was hesitant and equivocated in his answers, and the district court acted well within its discretion in replacing the juror with a qualified alternate.

Next, Ferguson argues that the prosecutor misstated the elements of involuntary manslaughter during his closing arguments. Given that it is undisputed that the district court properly instructed the jury as to the elements of the offense and instructed the jurors that they were to follow the court's words, there is no justification in the circumstances of this case to deviate from the principle that "[t]he jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." *United States v. Medina Casteneda*, 511 F.3d 1246, 1250 (9th Cir. 2008) (internal quotation marks and citation omitted).

Finally, there was no error in the district court giving the model jury instruction on reasonable doubt. While reasonable doubt need not be defined for the jury, if given, "the instructions to the jury must 'as a whole, fairly and accurately convey the meaning of reasonable doubt.'" *United States v. Nolasco*,

4

926 F.2d 869, 871 (9th Cir. 1991) (en banc).  The district court's instruction clearly satisfied this requirement.  *See United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir. 1986).

Accordingly, we affirm Defendant's conviction.

## II.  Defendant's Sentence

The district court sentenced Ferguson to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A).  Defendant argues that his 2002 Assault on a Postal Employee with Intent to Rob, in violation of 18 U.S.C. § 2114, is a nonqualifying felony under 18 U.S.C. § 3559(c)(3).  We agree.

It is apparent from the record that the 2002 conviction falls within the statute's "safety valve," as it neither involved a firearm nor resulted in serious bodily injury to the victim.  18 U.S.C. § 3559(c)(3)(A).  The 2002 pre-sentence report (PSR) and the findings of the 2002 sentencing court taken together clearly establish that the injuries inflicted by Ferguson did not threaten a substantial risk of death or cause the victim extreme physical pain and disfigurement as described in 18 U.S.C. § 1365(h)(3).  The 2002 sentencing court accepted the findings in the PSR and used those facts to conclude that a three-point sentencing enhancement was warranted—a category of bodily injury that is, at a minimum, some quantum *less than* "serious."   *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(3) (2002).

5

Moreover, the government has not offered any reason to discount Defendant's showing or to ignore the findings of the sentencing court in 2002.

Accordingly, the district court's sentence is vacated, and this matter is remanded for re-sentencing.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

Each party shall bear its own costs.