**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10321 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00654-CRB-1 |
| v. | |
| EMMANUEL EJIKE ANYANWU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted August 11, 2011
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Appellant Emmanuel Anyanwu ("Anyanwu") challenges his convictions for

making a false statement on an immigration document, conspiring to make a false

statement to a federal agency, and aggravated identity theft. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  The government demonstrated at trial that Anyanwu used the identification of another to make a false statement in an immigration document, without any legal authority, at a time when he knew that the person existed, in violation of 18 U.S.C. § 1028A.  Hence, there was sufficient evidence supporting the conviction.  *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

2.  The government did not constructively amend the indictment by presenting a different conspiracy theory at trial than the one charged in the superseding indictment.  Both the district court and the prosecutor explained to the jury that the conspiracy charge alleged Anyanwu conspired to make a false statement to the federal authorities.  The government also presented sufficient evidence which supported the conspiracy to make false statements to the United States Customs and Immigration Service with the goal of attaining permanent residency.  Hence, there was no "complex of facts presented at trial distinctly different from those . . . in the indictment."  *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (internal quotation marks and brackets omitted).

3.  The district court did not abuse its discretion when it admitted into evidence various documents from Anyanwu's alien registration file ("A-File"). Many of the documents were non-hearsay because they were not admitted to prove the truth of the matters asserted, but rather, to prove the very falsity of the assertions made in the documents.  The A-File documents were also admissible pursuant to the public records exception under Federal Rule of Evidence 803(8)(e), *United States v. Hernandez–Herrera*, 273 F.3d 1213, 1217–18 (9th Cir. 2001), and pursuant to Rule 801(d)(2)(E) as statements of co-conspirators in furtherance of a conspiracy.

4.  The district court did not commit plain error when it provided the jury with Ninth Circuit Model Jury Instructions § 3.5 to define "reasonable doubt."  We have previously held that the district court's submission of a § 3.5 instruction defining reasonable doubt does not constitute plain error.  *United States v. Ruiz*, 462 F.3d 1082, 1086 (9th Cir. 2006).  The instruction's exclusion of speculation as a basis for reasonable doubt comports with the law.  *See Ramirez v. Hatcher*, 136 F.3d 1209, 1212–13 (9th Cir. 1998).

**AFFIRMED.**