**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50406 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04150-JM |
| v. | |
| JOSE CANO-MEDINA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted September 2, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and MCCUSKEY, Chief
District Judge.[**]

Appellant Jose Cano-Medina appeals from his conviction, following a jury

trial, of attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

[**]     The Honorable Michael Patrick McCuskey, Chief District Judge for
the U.S. District Court for Central Illinois, Urbana, sitting by designation.

We have jurisdiction under 28 U.S.C. §§ 1291, 1294(1), and we affirm the district court's judgment.

Cano-Medina argues that the district court erred by refusing to instruct the jury regarding the difference between the burdens of proof in immigration and criminal proceedings, contending that the instruction was necessary because it was a correct statement of the law and was supported by the evidence at trial. The district court declined to give the instruction proposed by Cano-Medina, finding that it was not necessary or appropriate under the circumstances of this case. The district court did not err. The record shows that the district court, as well as counsel for both sides, properly explained the burden of proof for a criminal trial. *See United States v. Marin-Cuevas*, 147 F.3d 889, 893–94 (9th Cir. 1998) (finding that the jury was properly instructed even though the judge did not give an instruction which compared and contrasted the burden of proof in criminal trials with that in immigration proceedings).

Cano-Medina also argues that the district court gave a defective jury instruction on reasonable doubt. The test is whether, taken as a whole, the instructions correctly convey the concept of reasonable doubt to the jury. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). The district court properly instructed the jury using the Ninth Circuit model jury instruction. *See id.* at 17–21 (rejecting challenges to instructions which included similar language).

Finally, as Cano-Medina recognized, his argument regarding the admission into evidence of the warrant of removal is foreclosed by *United States v. Orozco-Acosta*, 607 F.3d 1156, 1163–64 (9th Cir. 2010) (holding that the admission of the warrant of removal into evidence did not violate the Sixth Amendment).

**AFFIRMED.**