MEMORANDUM **
Bao Truong (“Truong”) appeals his jury conviction of three counts of mail theft by a postal employee in violation of 18 U.S.C. § 1709. The prosecution arose out of an investigation of the theft of three gift cards mailed by a woman in Kentucky to her son in San Diego, California, but which never reached their destination. The cards were traced to Truong as a result of their having been addressed to an address on Truong’s mail delivery route, and then cashed by Truong’s wife. The sufficiency of the evidence establishing theft is not disputed.
Truong’s principal argument on appeal is that the district court erred by admitting a statement of the investigating agent concerning a credit card industry practice. At trial, Agent Figueroa’s testimony described how he traced the cards cashed by Truong’s wife to the cards
*651 U.S. V. TRUONG Cite as 463 Fed.Appx. 649 (9th Cir. 2011) 651 mailed in Kentucky, and further, how he tested Truong by planting items, appearing to be mail containing something of value, in the mail handled by Truong. Agent Figueroa further explained that Truong failed to deliver one of the test items, but instead took the test piece home, where he was arrested, and where agents discovered in his vehicle not only the test piece, but another piece of mail that did not belong to Truong. To show that the cards purchased in Kentucky were the same as those cashed, Agent Figueroa explained that he obtained a document, which was admitted into evidence as Exhibit 8, showing that the “proxy number” on the purchaser’s receipt corresponded to the card having a slightly different “card number” on the receipt where the card was cashed. Agent Figueroa obtained the document from the credit card company to illustrate that the two sets of numbers represented the same card. Although not in response to any specific question, Agent Figueroa added that it is standard credit card industry practice to scramble the last four digits of a gift card in order to deter fraud. Truong’s objection to that statement was overruled by the district court. This was error because Agent Figueroa had no first-hand knowledge of the credit card industry practice. The document, however, was admitted into evidence without objection. Truong now also contends that Agent Figueroa was not qualified to make such a statement as an expert, but Truong failed to object to Agent Figueroa’s expert qualifications. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.1990) (we review for plain error where the appellant failed to raise the evidentiary objection below). [2] Although Agent Figueroa’s testimony concerning the credit card industry practice was erroneously admitted, it added nothing material to the prosecution’s case and was not relied on by the prosecution for any purpose during opening or closing argument; it was not further alluded to at trial. The error, therefore, was harmless. See United States v. Tuyet Thi-Bach Nguyen, 565 F.3d 668, 673-74 (9th Cir.2009) (applying harmless error review to determine whether a claimed confrontation clause error was harmless beyond a reasonable doubt); United States v. McClintock, 748 F.2d 1278, 1291 & n. 9 (9th Cir.1984) (holding improperly admitted expert testimony harmless because there was substantial admissible evidence). Truong additionally challenges the reasonable doubt instruction, which was the Ninth Circuit model jury instruction. Considering all of the instructions given in this case as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury. See Victor v. Nebraska, 511 U.S. 1, 5-6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (reasoning that the test is whether the jury instructions, taken as a whole, “correctly convey the concept of reasonable . doubt to the jury” (citation omitted)). We have reached the same result by relying on the same well-established principle in United States v. Anyan-wu, 449 Fed.Appx. 639, 64CM1 (9th Cir. 2011), United States v. Ferguson, 425 Fed. Appx. 649, 651 (9th Cir.2011), and United States v. Cano-Medina, 453 Fed.Appx. 739, 740, 2011 WL 4842509, at *1 (9th Cir.2011). We decline to exercise our supervisory powers to discourage use of this instruction in the future. See United States v. Rubio-Villareal, 967 F.2d 294, 297 (9th Cir.1992) (en banc) (explaining that exercise of this court’s supervisory powers to prohibit or limit the use of an otherwise constitutional instruction is only proper when the instruction is defective, confusing, intrusive, or useless). AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.